ELDER *et. al.* v. HORSESHOE MINING & MILLING CO. *et. al.*

Under Comp. Laws, § 5212, providing that, "after final judgment has been rendered in an action," the court may enter up judgment against the surety for costs adjudged against plaintiff, such judgment cannot be entered against the sureties on a cost judgment against plaintiff, entered on reversal of the case by the supreme court, and pending a retrial.

(Opinion filed June 26, 1899.)

Appeal from circuit court, Lawrence county; Hon. A. J. PLOWMAN, Judge.

Action by William S. Elder, as administrator, etc., and others, against the Horseshoe Mining and Milling Company and others.   From an order denying the application of defend-

ants to have cost judgment entered against surety for costs after reversal of plaintiff's judgment and pending retrial; defendants appeal.    Affirmed.

The facts are stated in the opinion.

*Edwin Van Cise,* for appellants.

*Martin & Mason,* for respondents.

HANEY, J.    Upon a former appeal in this action the judgment of the trial court and its order denying a new trial were reversed, (9 S. D. 636, 70 N. W. 1060,) and defendants recovered costs and disbursements, taxed at $373.25.    The remittitur having been sent down, and the cost judgment having been entered in the lower court, defendants made application to have it entered up against the surety for costs, under Comp. Laws, § 5212, which is as follows:    "After final judgment has been rendered in an action, in which security for costs has been given, as required by this chapter, the court, on motion of the defendant, or any other person having a right to such costs or any part thereof, after ten days' notice of such motion, may enter up judgment in the name of the defendant or his legal representatives, against the surety for costs, his executors or administrators, for the amount of the costs adjudged against the plaintiff, or so much thereof as may be unpaid.    Execution may be issued on such judgment, as in other cases, for the use and benefit of the person entitled to such costs."    The application was denied, and defendants appealed.    When the application was made, the action was pending and for trial.    It was no nearer to a final determination of the issues involved than it was when the first trial began.    No final judgment had been rendered, within the meaning of the statute.    The words, "after final judg-

ment has been rendered in an action," are clearly intended to fix an event or stage in the litigation which must be reached before the statutory remedy against the surety can be invoked. The cost judgment rendered by this and entered by the lower court may be final in the sense that it cannot be reviewed, but it is not the judgment referred to in the statute. It does not determine the merits of the action itself. Had the legislature intended that such a judgment should be entered up against the surety as soon as it became final, it would have provided that the application might be made "after any final judgment for costs has been rendered in an action." It clearly intended that resort to this remedy should not be had during the pendency of the action. A civil action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment be sooner satisfied. Comp. Laws, § 5343. The litigation is not finally concluded until determined by an appeal, or until the time for appeal has expired. Until after the action has thus been finally concluded, we think, an application to enter up any judgment against the surety should not be entertained. In California, under a statute the same as the one in this state regarding when a civil action shall be deemed to be pending, it is held that a judgment does not become final until the time for appeal has expired. *In re* Blythe's Estate, 99 Cal. 472, 34 Pac. 108. The order appealed from is affirmed.