[No. 11950.  Department One. — October 7, 1887.]

RIVERSIDE LAND AND IRRIGATION COMPANY, RESPONDENT, *v.* MERCEDES ALVARADO JENSEN, EXECUTRIX ETC. OF CORNELIUS JENSEN, DECEASED, APPELLANT.

ACTION TO QUIET TITLE — FINDING — EVIDENCE. — In an action to quiet title, a finding that a certain deed under which the defendant claimed did not carry with it, as an easement attached to the land conveyed, the right to maintain the water ditch in controversy, and to use for irrigation the waters flowing therein, *held,* supported by the evidence.

PRACTICE—AMENDMENT PENDING TRIAL. — Pending the trial of an action, the court has power, upon such terms as may be just, to permit a second amended complaint to be filed, which embodies substantially the same allegations as the original complaint.

ID. — UNAUTHORIZED FINDINGS — OBJECTION TO. — An appellant cannot object that certain findings are unauthorized, as being outside of the issues, when the facts found are alleged in his own pleading.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The action was brought under section 738 of the Code of Civil Procedure, against one Cornelius Jensen, to quiet title to certain land.   In the second amended complaint, under which the action was tried, the plaintiff alleged that it was the owner of a certain tract of land, and that the defendant claims an interest therein adverse to the plaintiff, but that the claim of the defendant is without right.   The defendant, in his answer to the second amended complaint, claimed that he was the owner of the right of way for a water ditch, to conduct water from Spring Brook, on the plaintiff's lands, on to certain portions of his own land, known as lots 25 and 17, and that he was the owner of two thirds of the waters flowing out of said brook, which he conducts through the ditch to and upon his land for purposes of irrigation.   The answer contained further allegations, the purport of which was, that while the plaintiff owned the land that it claims, and the defendant owned the lots 25 and 17, and while the ditch was in existence, and waters flowing therein, across the defendant's lot No. 25, to the defendant's lot No. 17, the plaintiff, on the 1st of July, 1879, quitclaimed and conveyed to the defendant the lot No. 17, which conveyance carried the ditch and water as appurtenant to the land conveyed.

The original complaint was filed on the 6th of December, 1881, and was substantially the same as the second amended complaint, on which the action was tried.   The defendant answered the original complaint, and on the trial, by consent of the parties and leave of the court, the plaintiff filed an amended complaint.   The first amended complaint sets out an original ownership in common by plaintiff and defendant of certain lands, including all that claimed by the plaintiff in the original complaint, and the lot No. 25 of the defendant; a partition thereof, whereby the plaintiff took its said portion and the defendant lot 25; that thereafter the defendant acquired lot 17; that defendant, without any right, en-

tered upon that part apportioned to the plaintiff, and constructed a ditch, whereby the waters of Spring Brook, on the plaintiff's land, were diverted therefrom to and upon the defendant's lots 25 and 17; that thereafter, on the 1st of July, 1879, the plaintiff executed to the defendant a quitclaim deed for lot 17, but that through the oversight, inadvertence, and mistake of both parties to the deed, no reservation was made therein concerning any right of the defendant to the waters of the said Spring Brook, or of said water ditch, or right of way for the same. The prayer was, that the defendant have no right of way over the plaintiff's land for the ditch, or any right to divert the waters of the brook. To this first amended complaint, the defendant answered, denying any oversight, inadvertence, or mistake in executing the deed of July 1, 1879, or that any reservation was omitted therefrom. Afterwards, the case came on for trial upon the first amended complaint, and the answer thereto. On the trial, the plaintiff offered to prove that the water and ditch were not appurtenant to lot 17 when the deed of July 1, 1879, was executed, and that the deed did not convey any right to the water, or right of way for the ditch. On objection by the defendant, this evidence was excluded. The plaintiff then asked and obtained leave to file a second amended complaint, which it did. The second amended complaint was the same, in substance, as the original complaint. Judgment was rendered in favor of the plaintiff. The further facts are stated in the opinion.

*Curtis & Otis,* and *H. C. Rolfe,* for Appellant.

*Byron Waters,* for Respondent.

FOOTE, C.—The second amended complaint filed herein shows that the action was instituted under section 738 of the Code of Civil Procedure. The plaintiff at a certain stage in the trial, which was in progress under the first

amended complaint, seems to have abandoned the effort to prove certain issues involved in the pleadings, and to have obtained leave of the court (upon conditions as to costs, etc.), to file the second amended complaint against the objection of the defendant.

The effect of this was, that the latter pleading was framed upon the theory of the original complaint filed in the action, and the cause was tried upon that basis.

Judgment was rendered for the plaintiff, and from that and an order denying a new trial the defendant prosecutes this appeal.

The latter, who is now the executrix of the last will of Cornelius Jensen, who died since this appeal was taken, alleges in support of her contention that the court erred in allowing the second amended complaint to be filed; that certain of the findings were not supported by the evidence, and were improperly made.

The gist of the action as stated in the original complaint was the same as that contained in the complaint upon which the trial was had. The amended complaint was only permitted to be filed upon terms imposed by the court, with which the plaintiff complied, and we see nothing in the action taken in the premises, under the circumstances, which worked any hardship or surprise upon the defendant. Therefore, no error was therein committed. (Code Civ. Proc., secs. 473–475; Hayne on New Trial, secs. 53, 54, 56; *Farmers' N. G. Bank* v. *Stover*, 60 Cal. 387.)

The appellant, in support of her second point, claims that the quitclaim deed of the plaintiff to her decedent, Cornelius Jensen, dated July 1, 1879, carried with it as a servitude imposed upon the land thereby conveyed, the right to maintain a certain water ditch thereon, and use for irrigation the waters running therein; and that the evidence does not sustain the fourteenth and eighteenth findings of the fact; further arguing that

those findings were unauthorized, as outside of the issues made by the pleadings.

There is nothing in the language of the deed itself which conveys any such right as is thus claimed, and the evidence is conflicting as to whether or not, at the time that deed was executed and delivered, any water ditch existed as an easement on the land, which had been "obviously and permanently used by the person" (in this case the person being the plaintiff here) "whose estate" was "transferred for the benefit thereof, at the time when the transfer was agreed upon or completed." (Civ. Code, sec. 1104.)

The evidence for the plaintiff negatived the claim that Jensen, the deceased, ever constructed the ditch on its land, or appropriated its water with its consent. On the contrary, it declares that as soon as it knew of his acts in the premises, it protested against them and held him as a trespasser.

As a consequence of this conflict in the evidence as to the existence of the water ditch as an easement imposed as a servitude on the land quitclaimed to the defendant by the plaintiff, we cannot say that the court was not justified in making the findings to which the defendant objected, notwithstanding her contention that the evidence showed such an easement as would have impliedly passed under the quitclaim deed.

Parol testimony given at the trial supports the findings objected to. The facts which the court recites therein were alleged to be true in the answer. The fourteenth finding contains almost the exact language of that pleading. The eighteenth, referring to the "understanding as hereinbefore mentioned," — that is, as set out in the fourteenth finding, — says that the quitclaim deed was "executed" in accordance therewith and "not otherwise." It follows necessarily, then, that the defendant ought not to be heard to complain of those findings. Because, as we have seen, the facts which they

affirm to have existed were asserted in the answer, and if the court assented to the defendant's allegations of facts, on which findings were thus invited, we cannot see how it can be said that tribunal committed prejudicial error.

The record discloses nothing which would warrant a reversal of the judgment or order, and they should be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.