[No. 15044.  Department One.—August 16, 1893.]

C. A. WARREN, RESPONDENT, v. P. W. POSTEL, APPELLANT.

STREET ASSESSMENT—VALUE OF LOT.—Under the street law of 1885 (Stats. 1885, p. 147), a lot liable to an assessment for street work may be held to the extent of one half its assessed value for any single assessment for such work, regardless of the fact that it has already, during the same tax year, been assessed for other work.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*D. H. Whittemore,* for Appellant.

*J. C. Bates,* for Respondent.

TEMPLE, C.— This action is upon a street assessment, and the defendant appeals from the judgment upon the judgment roll.

The defendant claims that he was assessed for too much, his assessment being $220.50, while he thinks he should be held for only $105.67.

He owns a lot at the intersection of Jersey and Noe Streets in San Francisco, thus having frontage on both streets.

September 19, 1887, the board of supervisors declared its intention to do certain work on Jersey Street between Noe and Douglas Streets, being the work for which plaintiff's assessment was made. It was ordered to be done October 24th, and the contract awarded to plaintiff November 21st of the same year. The assessment for the work was made December 27, 1888. In this assessment the sum of $3,218.60 was assessed to the city and county, that being the sum in excess of one half the last previous assessment for municipal purposes upon certain lots which were liable. As before stated, defendant's lot was assessed for $220.50. The last previous assessment of his lot for municipal purposes was $565.

October 3, 1887, the board declared its intention to do certain work on Noe Street between Alameda and Twenty-sixth Street,

and November 27, 1887, ordered the same to be done, and December 12, 1887, awarded the contract to Conway and Company.

The assessment for this work was made July 12, 1888, in which defendant's lot was assessed for $176.83, which was paid by defendant after this suit was commenced.

Defendant's position is that his lot can only be held during any tax year for one half its assessed value for all street work done, and it does not matter that the work was ordered at different times on different streets and under different resolutions of intention. Half the assessed value of his lot is $282.50, and he is willing to pay the difference between that sum and his assessment for the Noe Street work, and thinks the assessment in excess of that is void.

Respondent affirms that defendant's lot is liable to the extent of one half the assessed value for such work, without regard to other work; or, if not, that it is the Noe Street assessment which would be invalid because the notice of intention, the order that the work be done and the contract for the work on Jersey Street, preceded the like steps in the Noe Street procedure, although the Noe Street assessment was first made.

Both proceedings were under the street law of 1885. (Stats. 1885, p. 147.) In section 3 of that act is the following: "Whenever the estimated or actual cost of any street work, contemplated or ordered to be done by the city council, and chargeable under the provisions of this act against any lot or lots of land or the owner thereof, shall exceed one half of the assessed value of such lot or lots, as borne upon the last assessment roll wherein it was assessed, made for the levying of taxes for municipal purposes, the amount of the cost of said work exceeding said one half of the assessed value of said lot or lots, shall be paid out of the city treasury, . . . ."

The first subdivision of section 7 reads as follows: —

"The expenses incurred for any work authorized by section 2 of this act, which shall not include such portion of any street which is required by law to be kept in order or repair by any person or company having railroad tracks thereon, shall be assessed upon the lots and lands fronting thereon, except as hereinafter specifically provided; each lot or portion of a lot being separately assessed, in proportion to the frontage, at a

rate per front foot sufficient to cover the total expenses of the
work. But wherever the said assessment upon any lot, or por-
tion of a lot, would exceed one half the valuation of said lot, or
portion of a lot, as it was last assessed for municipal taxation,
then unless the owner or his attorney-in-fact shall have previ-
ously filed with the superintendent of streets a written waiver
of the partial exemption herein provided, the assessment and
the lien thereof upon said lot or portion of a lot shall be only
to the amount of one half of said last preceding municipal valu-
ation, and the proper remainder of said assessment shall be
assessed to the city, and be payable out of the city treasury."
And section 26 as follows:—

"The city council may, in its discretion, order that the whole
or any part of the cost and expenses of any of the work men-
tioned in section 2 of this act be paid out of the treasury of
the municipality from such fund as the council may designate.
Whenever a part of such cost and expenses is so ordered to be
paid, the superintendent of streets, in making up the assessment
heretofore provided for such cost and expenses, shall first deduct
from the whole cost and expenses such part thereof as has been so
ordered to be paid out of the municipal treasury, and shall assess
the remainder of said cost and expenses proportionately upon
the lots or part of lots and lands fronting on the streets where
said work was done and in the manner heretofore provided.
And whenever the city council shall order to be done any of the
work mentioned in section 2 of this act, it shall be deemed to
have exercised its discretion mentioned in this section, and to
include an order for the payment out of its treasury for the
excess of any assessment for said work otherwise chargeable
upon any lot, or portion of a lot, over and above one half the
valuation of said lot, or portion of a lot, in its last preceding
assessment for municipal taxation."

It is very manifest from these provisions that the time when
the city council is deemed to exercise its discretion to order that
the excess of the cost of any street work above one half the last
previous assessment of the lots liable shall be paid by the city
is when the work is contemplated or ordered. These words are
not synonyms. The work may be said to be contemplated when
it is resolved to do it. Then the cost can only be estimated;

When the contract for it has been made it is to be presumed that the actual cost is known. Under section 26 when the work is ordered to be done, the council is deemed to order the excess to be paid from the city treasury. At that time it may be manifest that no lot will be assessed for an amount beyond one half its last previous assessment. As in such case there could be no excess, the council would not be deemed to have ordered such excess paid from the city treasury. But according to appellant's theory, subsequently work might be ordered under later resolutions of intention, for which assessments might be first made. By such means, under appellant's construction, the whole cost of the work might have to be assessed against the city. When under such circumstances was the council deemed to have ordered it all paid from the city treasury? Evidently not when the particular work was ordered, but when some other work, perhaps upon another street, was afterwards ordered to be done. The language of the statute will not bear that construction.

The city council cannot know which will be first completed, although the time is stipulated in the contract; for they are authorized, and justice may require them, to extend the time for completion. And in this matter they cannot anticipate what exigencies may arise.

I think it is equally evident from these provisions that the requirement that the excess of half the valuation of the lot should be paid by the city is limited to the assessment for an improvement ordered under one resolution of intention. Subdivision 1, for instance, of section 7 provides that "whenever the *said* assessment upon any lot" would exceed one half the valuation "then . . . . *the* assessment . . . . shall be only to the amount of one half," etc.

Other provisions above cited, and others which might be, indicate that the requirement has reference to *a* street work. I think it obvious respondent's position, as above stated, must be sustained.

Appellant says that under this construction lot-owners have very little protection against the city and council, and that is true; and there is very little upon the construction of appellant. The only difference is that under appellant's theory they could only take one half the value of the lot in any one tax

year; but they could take all in two years and take it again in two more. It would be easy to have one resolution of intention for grading, another for paving, and another for sewering, and still others for other work; and they could be extended through several tax years. Absolute protection against the city council is not attainable under any such scheme. The legislature is the proper place to go for improvement in this matter.

I think there is nothing in *Kreling* v. *Muller*, 86 Cal. 465, inconsistent with these views. It was held in that case that the work covered by one resolution of intention must be considered one work with reference to the requirements of the section I have been considering, and the board cannot evade the law by letting it in different contracts and thus providing for several assessments. If it has any bearing upon the matter here considered it is in accord with this opinion. It seems to hold that the improvements included in one resolution of intention constitute a street work within the provisions of this statute.

At the time the lots are assessed the city is also assessed for its portion. Here the defendant appealed to the board and his appeal was sustained and a new assessment ordered. He again appealed and the assessment was modified. There can be no further assessment.

The only question left is whether the present assessment is to any extent void, not whether it is erroneous. I think, however, it is neither, and advise that the judgment be affirmed.

HAYNES, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

HARRISON, J., GAROUTTE, J., McFARLAND, J.