[L. A. No. 480.   Department One.—October 24, 1899.]

SAVINGS BANK OF SAN DIEGO COUNTY, Respondent, v. GEORGE N. BARRETT, Appellant.

Savings and Loan Corporations—Power to "Invest" Funds.—The power given to savings and loan corporations in section 571 of the Civil Code to "invest" their funds includes the power to put out money so as to produce a revenue, either by way of loan upon interest or by the purchase of stocks, securities, notes, and mortgages, or any income-producing property.

Id.—Power to Purchase Mortgages.—Under subdivision 4 of section 354 of the Civil Code, construed with subdivision 5 of section 574 of the same code, savings and loan corporations have the implied power to purchase mortgages on real estate and the obligations secured thereby.

Id.—Purposes of Corporation—Power of Directors.—The question whether the purchase of a particular note and mortgage by a savings and loan corporation was "such as the purposes of the corporation required," is to be determined by its board of directors, and is not open to investigation at the instance of the mortgagor.

Id.—Mortgage to Savings Bank—Consideration—Return of Purchased Note and Mortgage.—A mortgage to a savings bank executed in consideration of the surrender and return to the mortgagor of a prior note and mortgage executed to a third party, and purchased by the bank, which the bank as owner could have enforced against the mortgagor, is supported by a sufficient consideration.

ID.—LOAN BY BANK—HANDLING OF MONEY NOT ESSENTIAL.—It is not necessary in such case, in order to constitute a loan by the bank, that money should have been handled and actually passed between the parties. The law does not require idle acts.

ID.—SALE UNDER FORECLOSURE — TIME FOR REDEMPTION — EFFECT OF AMENDMENT TO CODE.—The amendment of section 702 of the Code of Civil Procedure, extending the time for redemption from sales under execution to one year, has no application to sales under the foreclosure of a mortgage executed prior to its enactment.

ID.—PLEADING—DEFECT IN COMPLAINT OBVIATED BY ANSWER—NATURE OF INCORPORATION OF PLAINTIFF.—In an action by a savings bank to foreclose a mortgage, where the complaint was demurred to on the ground that it did not disclose on its face the class of corporations to which the plaintiff belonged, an answer showing that it was a savings and loan corporation organized under the laws of the state applicable to such corporations obviates the defect in the complaint to which a demurrer was directed.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

Hammack & Jerauld, for Appellant.

W. T. McNealy, for Respondent.

HARRISON, J.—The plaintiff is a corporation organized under the provisions of title X of the part of the Civil Code relating to corporations, and seeks by this action the foreclosure of a mortgage executed to it by the defendant June 15, 1893, to secure the payment of his promissory note of the same date. Judgment was rendered in favor of the plaintiff, and the defendant has appealed.

The defendant admits the execution of the note and mortgage, but defends the action thereon upon the ground that the same was without consideration, and in support of his defense alleges that in June, 1888, he executed a promissory note and a mortgage securing the same upon the lands described in the complaint to one Hamilton, who afterward sold and transferred the same to the Consolidated National Bank of San Diego; that in June, 1891, this bank sold and transferred the same to the plaintiff herein; that shortly before the maturity of this note,

he executed to the plaintiff the note and mortgage upon which the action was brought, and that the sole consideration therefor was the surrender and delivery to him by the plaintiff of the Hamilton note and mortgage. It is contended by him that upon these facts it appears that the note and mortgage sued upon were without consideration; that under the power conferred upon the plaintiff in section 571 of the Civil Code it could only "loan" the funds of its stockholders and depositors, and was incapable of purchasing or becoming the owner of the Hamilton note; that, notwithstanding the transfer of said note to the plaintiff, it was worthless in its hands, and its surrender to the defendant did not constitute a consideration for the execution of the note and mortgage sued on.

It is unnecessary to determine whether the defendant is in a position to make this defense to the payment of the note executed by him to the plaintiff, since we are of the opinion that for other reasons the judgment of the superior court must be affirmed.

Section 571 of the Civil Code provides: "Corporations organized for the purpose of accumulating and loaning the funds of their members, stockholders, and depositors, may loan and invest the funds thereof, receive deposits of money, loan, invest and collect the same, with interest, and may repay depositors with or without interest." The authority given by this section to such corporation to "invest" its funds is distinct from that given to "loan" them, and may be exercised with the same effect. While the latter term is technically limited to transactions in which the corporation delivers to the borrower and the borrower receives from it a given sum of money upon his agreement with it to repay the same, the former includes all of the transactions in which the funds of the corporation are placed or employed by it for the purpose of receiving an income therefrom. Webster defines the term "invest" as follows: "To lay out (money or capital) in business, with the view of obtaining an income or profit; as to invest money in bank stock." The Century Dictionary gives the following definition of the word: "To employ for some profitable use; convert into some other form of wealth, usually of a more or less permanent nature, as in the purchase of property or shares, or in loans secured by

mortgage, et cetera; said of money or capital." The meaning to be given to the term was presented in *Jennings v. Davis,* 31 Conn. 134. By the laws then prevailing in that state the husband was entitled to all personal property coming to the wife during coverture, but it was provided that when her real estate was sold and the proceeds thereof were "secured or invested in her name" it should in equity be deemed to belong to her. Certain real estate of the wife had been sold, and a note for the price given by the purchaser to her. Before the payment of the note both husband and wife died, and the note was claimed by the personal representatives of each. The court held that the note belonged to the wife; that, as it was taken in her name for the proceeds of the sale of her real·estate, those proceeds were "invested" in it, saying: "Promissory notes are the subject of sale and transfer like ordinary articles of merchandise, and money paid for a note, and especially for a note carrying interest, may with entire propriety be said to be 'invested' in that note." In *Una v. Dodd,* 39 N. J. Eq. 186, the vice-chancellor said upon the same subject: "So far as I am aware, there is no technical, legal definition of the term 'investment' as applied to money. In its most comprehensive sense I think it is generally understood to signify the laying out of money in such manner that it may produce a revenue, whether the particular method be a loan or the purchase of stocks, securities, or other property. In common parlance, it means putting out money on interest, either by way of loan or of the purchase of income-producing property." (See, also, *Duncan v. Maryland Sav. Inst.,* 10 Gill & J. 299; *Shoemaker v. Smith,* 37 Ind. 123; *Neel v. Beach,* 92 Pa. St. 226; *New England Mut. Life Ins. Co. v. Phillips,* 141 Mass. 540.)

Under subdivision 4 of section 354 of the Civil Code, all corporations have power "to purchase, hold, and convey such real and personal estate as the purposes of the corporation may require, not exceeding the amount limited in this part." The limitation thus referred to upon the class of corporations to which the plaintiff belongs is found in section 574 of the Civil Code. The right of the plaintiff to purchase or hold real estate is not involved in the present case. The prohibition in subdivision 5 of this section of the purchase by such corpora-

tion of personal property, "except . . . . mortgages on real estate," implies that it is authorized to purchase mortgages on real estate. The exception of this class of personal property from that which it is prohibited to purchase leaves the corporation free to exercise the power given in section 354. The authority to purchase mortgages on real estate necessarily carries with it the right to purchase the obligations secured by the mortgages, since otherwise the mortgages would be valueless. Whether the purchase of the mortgage in question was "such as the purposes of the corporation required" was to be determined by its board of directors (Civ. Code, sec. 305), and is not open to investigation at the instance of the defendant. The plaintiff, therefore, by its purchase of the Hamilton note and mortgage, became vested with the title thereto, and with the right to enforce their obligation against the defendant, and, as stated by appellant in his brief, if the plaintiff could have recovered from the defendant upon the Hamilton note and mortgage, according to the express terms of that contract, then the surrender of the same to the defendant would be a good consideration for the contract in suit.

The further contention that, as the note and mortgage sued on were executed in consideration of the surrender and delivery to him of the Hamilton note and mortgage, the plaintiff made no "loan" of money to the defendant, is without merit. It would not be claimed that if the plaintiff at the time of the transaction had delivered the money to the defendant, and the defendant had immediately handed it back to the plaintiff and received therefor the Hamilton note and mortgage, he would not be liable upon his note to the plaintiff. The law does not require idle acts (Civ. Code, sec. 3502), and the rights and obligations of the parties to the transaction could not be varied by the physical handling of the money, as thus suggested, or by its omission.

The amendment of section 702 of the Code of Civil Procedure in 1895 (Stats. 1895, p. 226), extending the time for redemption from sales under execution to one year, has no application to sales under the foreclosure of a mortgage executed prior to the enactment of this statute. (*Barnitz v. Beverly,* 163 U. S. 118.)

The defendant set forth in his answer the class of corporations to which the plaintiff belongs, and thereby obviated the defects of the complaint to which his demurrer was directed. (*Kreling v. Kreling*, 118 Cal. 413.)

The judgment and order are affirmed.

Van Dyke, J., and Beatty, C. J., concurred.

Hearing in Bank denied.