[Sac. No. 772. Department One.— July 24, 1901.]

M. HAYNES, Respondent, v. GEORGE W. TREDWAY et al., Appellants.

Mortgage — Time for Redemption — Constitutional Law. — The statute in force at the time of the execution of a mortgage, fixing the period within which the mortgagor might redeem from the foreclosure sale, forms a part of the mortgage contract, and gives rise to one of the obligations thereof; and a subsequent statute, énacted prior to the foreclosure sale, which extends the period of redemption, impairs the obligation of such contract, and is, as to a purchaser at such sale, unconstitutional. And this result follows, whether the purchaser be the mortgagee or a third person, or whether the sum bid be greater or less than the mortgage indebtedness.

APPEAL from an order of the Superior Court of San Joaquin County granting a writ of assistance. Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

Budd & Thompson, for Appellants.

The obligation of the contract was fully performed when the mortgagee received what the mortgage, and the statute in force when the mortgage was executed, entitled it to receive. (*Connecticut Mut. Life Ins. Co.* v. *Cushman*, 108 U. S. 51, 64.)

J. W. Webster, and J. T. Summerville, for Respondent.

As to the purchaser at foreclosure sale, the statute extending the period of redemption was unconstitutional. (*Barnitz* v. *Beverly*, 163 U. S. 118; *Allen* v. *Allen*, 95 Cal. 184.)

GAROUTTE, J.—Plaintiff, as assignee, brings an action of foreclosure of mortgage against defendants, the mortgagors. He became the purchaser of the property at the sale, and, six months thereafter, receiving his deed, he made an application for a writ of assistance, which writ was ordered issued. The present appeal is now prosecuted by defendants from the order granting the writ of assistance. At the time the mortgage was executed the statutory right of redemption was limited to six months after the sale. At the time of the foreclosure sale the statute had been so amended that the right to redeem existed for twelve months. Defendants in their brief declare, "the only point involved in the appeal is, whether or not the time of redemption for said property sold by the commissioner under foreclosure of said mortgage, as against a purchaser at the foreclosure sale, expired *six months* or *one year* after the time of said sale." We pass to the examination of the question thus presented.

It appears by the record in this case that plaintiff became the purchaser at the foreclosure sale; that third parties were bidders at the sale, and bid an amount in excess of the amount of plaintiff's claim, including costs, interest, taxes, etc. It further appears that plaintiff became the purchaser at the sale, at a price exceeding in amount his aforesaid claim, costs, expenses, etc., in the sum of about $350. By reason of this state of facts it is asserted by defendants that plaintiff stood in the position of a purchaser at an ordinary execution sale, and the principle of law is then invoked, that the rights of a purchaser at an execution sale are determined by the law in force at the time of the sale. In other words, it is conceded that if the purchaser had bid in the property at the sale for an amount

less than his claim, he would have been entitled to his deed at the expiration of six months from the sale; but it is asserted that by reason of the fact that he bought for an amount exceeding his claim, including costs, etc., he was not entitled to his deed until twelve months after the day of sale. It is thus conceded that if plaintiff had been a purchaser for the less amount, the statute, as amended, allowing the mortgagors twelve months to redeem would have been, as to him, unconstitutional, because impairing the obligation of his mortgage contract; but it is asserted that by reason of the fact that the purchaser's price exceeded the amount of his claim in full, the obligation of the mortgage contract was in no sense impaired, and therefore the amended statute, as to the purchaser, is constitutional. The court is not prepared to say that the constitutionality of an act can be tested in this way. Indeed, we see no difference in principle, when testing the constitutionality of this act, whether the purchaser bid in the property for an amount less than his claim, or bid a sum in excess of that claim. By the mortgage contract incorporating therein the statute of redemption existing at the time, the agreement of the mortgagor was that the purchaser at the foreclosure sale, in case of default, should be entitled to the possession of the property six months after the sale, in case no redemption was had. In another form, it may be said that the agreement of the mortgagor was, that the purchaser at the sale should have title to the property, subject to a right of possession thereafter in the mortgagor for six months. That was the contract in this case, and the necessary result of giving the amended statute effect here is to give the mortgagor the right to the possession of the property for twelve months after the sale. It is thus patent upon its face that a statute extending the right of possession in the mortgagor to a period of twelve months is a substantial impairment of the obligation of a contract limiting the right of possession to six months.

The mortgagee's security is the interest of the mortgagor in the property, less the equitable interest reserved to the mortgagor by the statute of redemption. The greater the reserved interest in the mortgagor, the less the security. If the interest of the mortgagor in the form of the right of redemption may be extended from a six-months' interest to a twelve-months' interest after the contract between the parties has been executed, then it may be extended from a six-months' interest to a five

or ten years' interest, and thus the security of the mortgagee absolutely wiped out. Defendants attempt by the facts of this particular case to take it without the general principles thus declared, by saying, the plaintiff here bought the property for an amount in excess of his claim, expenses, etc. As before suggested, we are unable to give that fact the force and effect which defendants seek to impress upon it. Who can say that the third parties, or the purchaser himself, would have bid the amounts for this property which the record shows they bid, if the mortgage contract had not been that the mortgagors were entitled to but six months within which to redeem? No court can say but that the period of redemption fixed by the mortgage contract was the actuating cause which induced plaintiff to bid an amount for the property in excess of his claim.

In support of the views declared by the court we have conclusive authority in a recent case decided by the supreme court of the United States. (*Barnitz* v. *Beverly*, 163 U. S. 118.) The court there said: "Without pursuing the subject further, we hold that a statute which authorizes the redemption of property sold upon foreclosure of a mortgage, where no right of redemption previously existed, or which extends the period of redemption beyond the time formerly allowed, cannot constitutionally apply to a sale under a mortgage executed before its passage." Again, it is said: "An equitable estate in the premises may, in like manner, be conferred upon others; and the right to redeem may be so prolonged as to deprive the mortgagee of the benefit of his security by rendering the property unsalable for anything like its value. This law gives to the mortgagor and to the judgment creditors [meaning creditors other than the mortgagee] an equitable estate in the premises, which neither of them would have been entitled to under the original contract; and these new interests are directly and materially in conflict with those which the mortgagee acquired when the mortgage was made. Any such modification of a contract by subsequent legislation, against the consent of one of the parties, unquestionably impairs its obligations, and is prohibited by the constitution."

The case of *Barnitz* v. *Beverly*, 163 U. S. 118, and the case at bar are alike in principle, except that in the former the mortgagee bought the property for less than the amount of her claim. Yet, as already suggested, this difference in the facts

does not affect the principle of law involved. The supreme court of the United States tested the constitutionality of the act involved in that case by weighing its provisions. By the face of the act itself it was tried and condemned; and here this act must stand or fall by the strength or weakness of its provisions. In this case the amended act, fixing the right of redemption at a period of twelve months, was unconstitutional and void, as to this mortgage contract, when it was enacted, or it was at that time and is now a valid statute affecting that mortgage contract. The mortgage contract said that the mortgagor should have six months in which to redeem. The amended statute declared that the same mortgagor should have twelve months in which to redeem. Thus the obligation of the mortgagee's contract was impaired when the amendatory act was passed, or it was not impaired at all. (See also *Savings Bank of San Diego* v. *Barrett*, 126 Cal. 413.)

Defendants rely upon the case of *Connecticut Mut. Life Ins. Co.* v. *Cushman*, 108 U. S. 51. In speaking as to that case, the court said, in *Barnitz* v. *Beverly*, 163 U. S. 118: "The case of *Connecticut Mut. Life Ins. Co.* v. *Cushman,* 108 U. S. 51, does not collide with the previous and subsequent cases. There, the new statute did not lessen the duty of the mortgagor to pay what he had contracted to pay, nor affect the time of payment, nor affect any remedy which the mortgagee had by existing law for the enforcement of his contract." Possibly there is language in the insurance company case which does "collide" with *Barnitz* v. *Beverly*, 163 U. S. 118, but if so, the collision only results in injury to the earlier case. While in the insurance company case the fact is disclosed that the mortgagee at the sale bought in the property for the full amount of his claim, and while the statement of that fact is reiterated in the opinion of the court, still it does not appear to be the pivotal fact in the case, and the conclusion arrived at, judging by the reasoning of the court, would have been the same in the absence of that particular fact.

The order appealed from is affirmed.

Van Dyke, J., and Harrison, J., concurred.

Hearing in Bank denied.