[S. F. No. 1849. Department Two. — October 11, 1901.]

JOHN MALONE, Respondent, v. GEORGE G. ROY, Appellant.

MORTGAGE — FORECLOSURE — TIME FOR REDEMPTION — CONSTITUTIONAL LAW. — The time for redemption from a sale under the foreclosure of a mortgage is that fixed by the statute in force at the date of the mortgage; and an extension of the time for such redemption, by a subsequent statute, cannot constitutionally apply to a sale under a mortgage executed prior to its passage.

ID. — DEED AND DEFEASANCE. — A warranty deed executed cotemporaneously with a separate defeasance agreeing to reconvey the property deeded upon the payment of certain indebtedness therein described, constitutes a mortgage, which is within the rule determining the time for redemption from a sale under foreclosure thereof.

APPEAL from an order of the Superior Court of Del Norte County granting a writ of assistance to obtain possession of premises under a commissioner's deed upon sale of mortgaged premises. F. A. Cutler, Judge.

The facts are stated in the opinion.

N. A. Cornish, for Appellant.

Frank McGowan, and L. F. Cooper, for Respondent.

HAYNES, C.—In 1888, the defendant, being indebted to the plaintiff, executed to him a mortgage upon certain real estate to secure payment. In 1892, plaintiff brought an action to foreclose said mortgage, and on March 3, 1898, obtained a decree of foreclosure, under which the commissioner sold the mortgaged premises to the plaintiff on April 2, 1898, and no redemption having been effected, the commissioner executed a deed to the plaintiff therefor on October 21, 1898. Afterwards, upon plaintiff's motion, the court entered an order granting the plaintiff a writ of assistance to obtain possession of the premises sold, and from that order defendant appeals.

At the time the mortgage was executed, the statute gave the judgment debtor six months within which to redeem from a sale of real estate. By an act approved February 26, 1897 (Code Civ. Proc., sec. 702), the time within which the debtor might redeem was extended to twelve months; and the only

question is, Which statute governs? The court below rightly held that the statute in force at the time the mortgage was executed fixed the time within which the right of redemption must be exercised.

At the time this appeal was taken, the question here involved had not been expressly adjudicated in this state; but in the case of *Haynes* v. *Tredway*, 133 Cal. 400, the question is carefully considered, and this court, following *Barnitz* v. *Beverly*, 163 U. S. 119, directly held "that a statute which authorizes the redemption of property sold upon foreclosure of a mortgage, where no right of redemption previously existed, or which extends the period of redemption beyond the time formerly allowed, cannot constitutionally apply to a sale under a mortgage executed before its passage." (See also *Savings Bank* v. *Barrett*, 126 Cal. 417.) It is quite sufficient to cite the above cases, without repeating the arguments upon which the conclusions in those cases were reached.

Appellant, however, referring to the case of *Barnitz* v. *Beverly*, 163 U. S. 119, suggests whether the present case is not distinguishable from that, upon the ground that instead of executing a mortgage, properly so called, the transaction consisted of the execution of a "warranty deed" by the defendant to the plaintiff of the premises therein described, and the execution of a defeasance by the plaintiff, by which he agreed to reconvey the same to the defendant upon the payment of the indebtedness therein described.

It is well settled in this state that such a transaction constitutes a mortgage; and besides, it has been directly adjudicated between these parties that the so-called deed was not a conveyance, but a mortgage. (See *Malone* v. *Roy*, 94 Cal. 341, and *Malone* v. *Roy*, 107 Cal. 518.)

The order granting the writ of assistance should be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order granting the writ of assistance is affirmed.

McFarland, J., Temple, J., Henshaw, J.