[No. 69. First Appellate District.—October 17, 1905.]

## L. NOLAN, Respondent, v. FIDELITY AND DEPOSIT COMPANY, Appellant.

PLEADING—STAY BOND—RENDITION OF JUDGMENT.—In an action on a stay bond given on an appeal from a judgment of a justice's court, the rendition of the judgment is pleaded only by way of inducement to the giving of the bond, and an allegation that "judgment was rendered," etc., instead of "judgment was duly made and given," etc., is sufficient.

ID.—ANSWER MAY SUPPLY DEFECTS OF COMPLAINT.—When the plaintiff has failed to state material facts in his complaint so that no cause of action is set forth, but these very facts are supplied by the averments of the answer, the omission is immaterial and the defect cured.

ID.—FINDING—TAKING OF APPEAL—EVIDENCE.—In an action on such stay bond, a finding that the appeal was taken is sustained by evidence of the notice of appeal and the undertaking thereon.

ID.—DELIVERY OF BOND—JUSTICE'S CLERK.—The delivery of the stay bond to the clerk of the justice's court is sufficiently shown by the fact that it was produced at the trial by the deputy clerk of the justice's court from among the papers of the action in which the judgment was rendered which were in the custody of the clerk, and by docket entries showing that a notice of appeal and bond had been filed.

ID.—ORDER DISMISSING APPEAL—EVIDENCE.—In the action on such stay bond, the order of the superior court dismissing the appeal is properly admitted in evidence, and if it were not, the defendant was not injured by its admission if it fully pleaded the dismissal in its answer.

ID.—ESTOPPEL—PLEADING—EXECUTION—SURETY.—In the action on such stay bond, the sureties cannot, without pleading the facts, claim that the plaintiff is estopped from enforcing the bond for the

2 Cal. App.—1

reason that a writ of execution was issued on the judgment appealed from after the giving of the bond.

ID.—DISMISSAL OF APPEAL—DELAY IN FILING NOTICE AND UNDERTAKING. The right to recover of sureties on a stay bond, given at any time before the dismissal of the appeal, is not defeated by the fact that the dismissal of the appeal was granted on the ground that the notice of appeal and the undertaking thereon were not filed within thirty days after the rendition of judgment, nor by the fact that the appeal was erroneously dismissed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

W. C. Cavitt, C. A. Elliott, and D. E. Alexander, for Appellant.

Louis S. Beedy, and John T. Pidwell, for Respondent.

HALL, J.—This is an appeal from a judgment in favor of plaintiff in action on an undertaking given to stay execution of a judgment of the justice's court rendered in an action in which respondent was plaintiff. The record before us consists of the judgment-roll and a bill of exceptions.

The first point made in the brief of appellant is that the complaint does not state a cause of action, for the reason that the judgment of the justice's court is not sufficiently alleged, in that it is simply alleged that "judgment was rendered," etc., instead of "judgment was duly made and given," etc. There is no merit in this point. This is not an action on the judgment, where the judgment must be pleaded as the foundation of the plaintiff's cause of action, but is an action on a stay bond given on an appeal from a judgment, and the rendition of the judgment is pleaded only by way of inducement to the giving of the bond. This section of the code (Code Civ. Proc., sec. 974) which authorizes the appeal contains these words: "Any party dissatisfied with a judgment rendered in a civil action in a police or justice's court may appeal therefrom to the superior court of the county at any time within thirty days after the rendition of the judgment." And the next section provides that "When a party appeals to the superior court on questions of law alone,

he must, within ten days from the rendition of the judgment prepare a statement of the case,'' etc.  It is the rendition of the judgment which authorizes the appeal, and not the fact that the judgment has been ''duly made and given.''  Indeed, an appeal is often taken for the very reason that it is claimed by the appealing party that the judgment was not duly made and given.  It not infrequently happens that the point raised on the appeal is that the justice's court had no jurisdiction either of the parties or of the cause of action, but, no matter what the point raised on appeal, the condition of the stay bond is that the appellant will pay the amount of the judgment appealed from and all costs, if the appeal be withdrawn or dismissed, or the amount of any judgment and all costs that may be recovered against him in the action in the superior court.  (Code Civ. Proc., sec. 978.)  Furthermore, defendant did not demur to the complaint, but answered thereto, and by its answer set forth the bringing of the action by plaintiff in the justice's court against the defendant for money had and received in the sum of $299, and ''that thereafter such proceedings were had therein that on the ——— day of March, 1902, the said justice's court gave, made, and entered its judgment,'' etc., and thus remedied the defect, if any there be, in the complaint.  ''When the plaintiff has failed to state material facts so that no cause of action is set forth, but these very facts are supplied by the averments of the answer, the omission is immaterial and the defect cured.'' (*Shively* v. *Semi-Tropic Co.*, 99 Cal. 259, [33 Pac. 848].)  The court did not err in finding ''that on the tenth day of March, 1902, judgment was duly given, and made and rendered by the justice's court,'' etc., as this finding is supported by allegations of the complaint not denied, supplemented by affirmative allegations of the answer.  (*Riverside Land etc. Co.* v. *Jensen*, 73 Cal. 550, [15 Pac. 131].)

Appellant contends that finding 3, that the Pacific Debenture Company appealed to the superior court of the city and county of San Francisco, state of California, from the said judgment, is not sustained by the evidence, and attacks the sufficiency of the docket entries of the action, but, in addition to the docket entries, there were produced from the custody of the clerk of the justice's court, and introduced in evidence, the notice of appeal and the undertaking on appeal, which amply support the finding.

It is insisted that the evidence does not show that the undertaking sued on was ever delivered to the clerk of the justice's court, but the record shows that the undertaking was produced at the trial by the deputy clerk of the justice's court and was found among the papers of the action of *L. Nolan* v. *Pacific Debenture Company* in the custody of the clerk of the justice's court, and the docket entries showed that a notice of appeal and bond had been filed. This was sufficient to prove the delivery of the bond.

Appellant attacks several other findings and rulings of the court, for the reason that it is not sufficiently alleged that an action was ever commenced, or a judgment given or made, in the justice's court, but what we have said in the first part of this opinion relative to the affirmative allegations of the answer meets these objections. The order of the superior court dismissing the appeal was properly admitted in evidence, and, if it were not, the defendant was not injured thereby, for it fully pleaded the dismissal thus proved in its answer. It was not error to refuse to admit in evidence the judgment-roll in *McComb* v. *Frederick,* for the reason, among others, that the time for appeal had not expired. (*People* v. *Beevers,* 99 Cal. 286, [33 Pac. 844] ; *In re Blythe,* 99 Cal. 472, [34 Pac. 108] ; *Naftzger* v. *Gregg,* 99 Cal. 83, [37 Am. St. Rep. 23, 33 Pac. 757].)

Appellant claims that plaintiff is estopped from enforcing all rights under the bond sued on, for the reason that the evidence shows a writ of execution was issued on the judgment appealed from after the giving of the bond, and that plaintiff secured the dismissal of the appeal upon the ground that no appeal bond had ever been filed. First, as to the estoppel on the ground that a writ of execution was issued on the judgment, it is sufficient to say that no such estoppel is pleaded in the answer, nor any facts alleged that suggest an estoppel on that ground. (*McKeen* v. *Naughton,* 88 Cal. 462, [26 Pac. 354] ; *Clarke* v. *Huber,* 25 Cal. 594; *Davis* v. *Davis,* 26 Cal. 39, [85 Am. Dec. 157] ; *Flandreau* v. *Downey,* 23 Cal. 354; *Newhall* v. *Hatch,* 134 Cal. 269, [66 Pac. 266].) As to the claim that plaintiff procured a dismissal on the appeal on the ground "that no undertaking on the appeal had ever been filed in the justice's court," the record discloses that the motion to dismiss the appeal was upon the ground that the notice

of appeal and undertaking were not filed within thirty days after rendition of judgment, and because of the failure of appellant to prosecute its appeal. Notice of this motion was filed June 7, 1902, and the order granting the same was entered July 15, 1902, and was general in form. It does not appear that it was contended that either the notice of appeal or the bond was never filed; but that they were not filed within thirty days after the rendition of the judgment. This would be a good ground for dismissing the appeal, and a dismissal on such ground would not defeat a recovery on a stay bond given at any time before the dismissal of the appeal.

From the whole record in this case it seems that the contention about the regularity of the appeal from the judgment of the justice's court arose from diverse views as to whether the notice of appeal and appeal bond were, in point of law, filed on the 8th of April, 1902, when they were delivered to one Fredericks, who seems to have then been in possession of the office and acting as justices' clerk, or, on the fourth day of June, 1902, when they were delivered to McComb, who is now conceded to be the justices' clerk. Whether the court committed an error in dismissing the appeal does not affect the case. One of the conditions of a stay bond is that, if the appeal be dismissed, the judgment and costs will be paid, and sureties on such bonds take the risk that appeals may be erroneously dismissed.

We find no errors in the record prejudicial to appellant, and the judgment is affirmed.

Harrison, P. J., and Cooper, J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on December 15, 1905.