[Civ. No. 988.   Second Appellate District.—November 18, 1911.]

E. A. SUMMERS, Appellant, v. W. A. HAMMELL, Sheriff of the County of Los Angeles, FRANKLIN OIL COMPANY, a Corporation, and CHARLES VICTOR HALL, Respondents.

EXECUTION—SALE OF REAL PROPERTY—REDEMPTION LIMITED.—Under a sale of real property under execution, redemption is expressly limited to twelve months from the date of the sale, either by the judgment debtor or any holder of a judgment lien. Where the judgment debtor fails to redeem, and there is no subsisting judgment lien existing within the period of redemption, there can be no ground for redemption, at law or in equity, by force of a judgment not subsisting as a lien within the statutory period of redemption.

ID.—JUDGMENT DELAYED UNTIL AFTER STATUTORY PERIOD—INTERVENTION OF HOLIDAYS NOT GROUND FOR EQUITABLE RELIEF.—A judgment creditor whose judgment is delayed from becoming a lien within the statutory period for redemption from the execution sale is not entitled to equitable relief as a redemptioner thereafter, on the ground that the delay was caused by the intervention of legal holidays specially declared by the governor. It might as well have happened that because of congestion of business in the courts, plaintiff had been delayed in securing a trial and judgment within the statutory period of redemption, and if such condition existed, there would be no difference in the ground of equitable relief.

ID.—ACT EXTENDING TIME FOR PERFORMANCE OF ACTS—EFFECT CLAIMED UNCONSTITUTIONAL — OBLIGATION OF CONTRACT IMPAIRED.—If the act of the legislature of June 3, 1906, extending the time of performance of certain acts to a time beyond the period of the time fixed therefor be deemed applicable to the extension of the time for a statutory redemption from an execution sale beyond the time limited therefor, it cannot have that effect, because such result would be in violation of the constitution of the state and of the United States, as impairing the obligation of the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County.   W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

Jones & Weller, and C. F. Culver, for Appellant.

Arthur M. Ellis, for Respondents.

JAMES, J.—This appeal is from a judgment entered dismissing the action of plaintiff after demurrer to her amended complaint had been sustained by the superior court.

The facts, as alleged in the amended complaint filed by plaintiff, are briefly as follows: On the twelfth day of June, 1905, the sheriff of Los Angeles county, under authority of a writ of execution issued out of the superior court, sold to the defendant Franklin Oil Company certain real property belonging to a corporation called the New Franklin Oil and Refining Company, which latter was then the judgment debtor of the said Franklin Oil Company.   Thereafter, on the seventeenth day of November, 1905, plaintiff here commenced an action against the New Franklin Oil and Refining Company, in which action judgment was rendered in her favor on the fifth day of July, 1906.  On the ninth day of July, 1906, she tendered and paid to the sheriff of Los Angeles county the amount of money which would be required to be paid upon redemption of the New Franklin Oil and Refining Company's property, and demanded of the sheriff a certificate of redemption, which was refused.   It was further alleged in the amended complaint that, because of the numerous holidays declared by the governor of the state, from the 18th of April, 1906, to the second day of June, 1906, it was impossible for plaintiff to obtain an earlier trial of her action against the New Franklin Oil and Refining Company, and that she exercised diligence in the prosecution of her said action.

Twelve months from the date of the sale of the real property to the Franklin Oil Company expired on the twelfth day of June, 1906.   Therefore, the whole period during which redemption could be made from the sale, either by the judgment debtor or any holder of a subsequent judgment lien, had fully run.   (Code Civ. Proc., secs. 702, 703.)   Counsel for

plaintiff make two contentions as against the action of the trial court in sustaining the demurrer to the amended complaint and entering judgment of dismissal; they are these: First, that under the allegations of plaintiff's amended complaint equitable grounds are shown by reason of which her right to redeem the property of her judgment debtor from the sale made under the execution should be sustained; second, that an act of the legislature, approved in 1906 (Stats. 1906, p. 8), had the effect of making her redemption effectual, even though it was not attempted to be made until nearly thirteen months had elapsed after the date of the execution sale.

As to the claim made that the cause of action as alleged presents ground for equitable consideration, we are not in accord with the position taken by appellant. By section 701, Code of Civil Procedure, defining who are entitled to redeem property from the effect of an execution sale, it is provided, first, that the judgment debtor, or his successor in interest, may so redeem, or that the redemption may be made by a creditor having a subsequent lien by judgment, or mortgage on the property sold. By her own allegations, it appears here that plaintiff did not become a judgment creditor of the new Franklin Oil Company until July, 1906, at which time the full period of redemption had expired. She is not insisting, and cannot claim, that as a judgment creditor having a lien on the property she was prevented from asserting the right of a redemptioner by reason of conditions beyond her power to control, and which prevented her from exercising such right, notwithstanding her own diligence in the matter. During all of the time when it is alleged that certain holidays proclaimed by the governor of the state interfered in delaying the progress of her action against the New Franklin Oil and Refining Company, plaintiff was the holder of no judgment lien against the property which had theretofore been subjected to execution sale. It might as well have happened that, because of congestion of business in the courts, plaintiff had been delayed in securing a trial and judgment in her action, and, if such a condition existed, just as strong an appeal for equitable relief would have been furnished. We are satisfied that a case is not presented which calls at all for equitable consideration, or the granting of any relief agreeable to such a plea.

We have next to consider the effect of the act of the legislature of June 3, 1906, section 1 of which reads as follows: "Any act or proceeding appointed, required or limited by or in pursuance of law to be performed or taken on any day or within any time in the month of June, 1906, prior to the last day of said month, may be performed or taken on any day not later than the 10th day of July, A. D. 1906, with the same effect as if it had been performed or taken on the day or within the time wherein such act or proceeding was so appointed, required or limited to be performed. The provisions of this act shall not apply to criminal actions." If the provisions of this act are applicable to the situation as disclosed by the allegations of plaintiff's complaint, then, clearly, its effect must be to extend the period of redemption for nearly thirty days beyond that fixed by section 702, Code of Civil Procedure. It has been held several times by our supreme court that a statute such as the one here under consideration cannot have the effect of extending the period of redemption after judgment and execution sale, because the result would be that the obligation of the contract would be impaired thereby, which the constitution of the state and the United States constitution will not permit. The proposition advanced in this behalf may be answered against the contention of appellant by the citation of the following cases: *Welsh* v. *Cross,* 146 Cal. 621, [106 Am. St. Rep. 63, 81 Pac. 229]; *Tuohy* v. *Moore,* 133 Cal. 516, [65 Pac. 1107]; *Malone* v. *Roy,* 134 Cal. 344, [66 Pac. 613].

The judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 18, 1912.