[Civ. No. 3340. First Appellate District, Division One.—July 14, 1920.]

THE EMPIRE SECURITIES COMPANY (a Corporation), Respondent; v. LOUIS LEVY, Appellant.

[1] Street Law—San Francisco—Limitation of Assessment—Installment Provision — Construction of Charter and Ordinance.—Where street improvement work is done pursuant to the provisions of the San Francisco Street Improvement Ordinance of 1913, and it is declared in the resolution of intention to do such work that the assessment therefor may be paid in a given number (not exceeding ten) of annual installments, neither the amount of such assessment nor the amount of each installment is subject to the fifty per cent limitation found in subdivision 3, section 8, article VI, chapter 2, of the charter or in section 16 of said ordinance.

[2] Id. — Improper Items in Bid — Remedy of Property Owner.— An objection to a street assessment, made for work performed pursuant to the provisions of such ordinance, on the ground that the contractor's bid included certain sums for printing, engineering, and inspection, should be made before the board of supervisors.

[3] Id.—Action to Foreclose Lien—Pleading—Defects Cured by Answer.—In an action to foreclose a street assessment lien for work done pursuant to the provisions of the San Francisco Street Improvement Ordinance of 1913, the failure of the complaint to show on its face that the assessment was divided into installments and that the assessment exceeded the fifty per cent limitation is cured by the setting out of those facts in the answer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hankins & Hankins for Appellant.

Randolph V. Whiting for Respondent.

KOFORD, J., *pro tem.*—This is an appeal by defendant from a judgment in favor of plaintiff foreclosing a lien against defendant's lot for a street work assessment. The street work was done and the assessment was levied under authority of the San Francisco Street Improvement Act of 1913, enacted pursuant to the provisions of the city charter. The lot involved was assessed for general taxation purposes for the fiscal year 1915–16 at $160. The street assessment foreclosed against it amounted to $571.48. The lot has a frontage upon the street improved of seventy-eight feet five inches, and a depth of only twenty-five feet three-fourths inch, and appears to have had an assessed value proportionately lower than neighboring lots. The assessment was made payable in six annual installments, so it results that not only the assessment but also each annual installment amounts to more than fifty per cent of the assessed value of the lot. It is this fact upon which appellant bases his contentions for a reversal of the judgment. The improvement act and the charter expressly forbid an assessment of over fifty per cent of the assessed value of the lot, and

provide that in case it does exceed this limit the assessment shall be divided into annual installments not exceeding ten in number. .It is the contention of appellant that the act in question should be given an interpretation forbidding any one installment in excess of the fifty per cent limit, even though there is no express provision to this effect.

The charter of the city and county of San Francisco, subdivision 3, section 8, article VI, chapter 2 (Stats. 1899, p. 297), contains the following provision: "No assessment shall be levied upon any property, which together with all assessments for street improvements that may have been levied upon the same property during the year next preceding, will amount to a sum greater than fifty per cent of the value at which said property was assessed upon the last preceding assessment-book of the city and county."

In 1913, article VI, chapter 2, section 33 of the charter was amended (December 10, 1912, approved by legislature March 28, 1913—Stats. 1913, p. 1602), providing for the passage of an improvement ordinance, for the payment of installments, and also provided: "In any proceeding for the improvement of streets wherein provision is made for the payment of any assessment in annual installments, the amount of such assessment shall not be limited by the provisions contained in subdivision 3 of section 8 of this chapter."

Under the authority of the above amendment to the charter, the Street Improvement Ordinance of 1913. (approved September 4, 1913) was passed by the board of supervisors; the street work in controversy was done under this ordinance, which provided (sec. 16): "No assessment shall be levied upon any property, which together with all assessments for street improvement that may have been levied upon the same property during the next year preceding, will amount to a sum greater than fifty per centum of the value at which said property was assessed, exclusive of improvements thereon, upon the assessment-book of the city and county current at the date of the passage of the resolution of intention; *except*, however, as in this ordinance hereinafter provided."

The exception referred to in the improvement ordinance is set forth in section 28, part II, of the act: "Any assessment imposed under the provisions of this ordinance may be paid in annual installments, not exceeding ten in number,

whenever the board of public works shall so determine and declare in the resolution of intention or whenever the board of supervisors shall so determine and declare in the ordinance ordering the work, and it shall be mandatory for the board of public works to so determine and declare in every case when the amount of the assessment imposed will exceed one-half of the assessed value of the lot or parcel of land against which such assessment is imposed.''

[1] Appellant contends for the application of the rule of statutory interpretation that a statute must be given a reasonable interpretation; that it is unreasonable to forbid an assessment exceeding the fifty per cent limit and nevertheless allow each of the several installments of an installment assessment to exceed the same limit. He contends that the only common-sense reason of removing the fifty per cent limitation in the case of an installment assessment is to make each installment less than fifty per cent. His argument is quite persuasive, but would be more properly addressed to the law-making power than to the judicial branch of government. We think the rule of statutory interpretation which is applicable here is as stated in *Davis* v. *Hart*, 123 Cal. 384, 387, [55 Pac. 1060, 1061], as follows: ''A cardinal rule of interpretation is that a statute free from ambiguity and uncertainty needs no interpretation. This must be so, for all interpretation and construction is for the purpose of ascertaining the legislative will. When this is clear, interpretation is not allowable. In such case it cannot be argued that the result is unjust or against policy. The statute is itself conclusive upon these subjects.''

To the same effect, see *Merkley* v. *Williams*, 3 Cal. App. 268, [84 Pac. 1015].

The charter and the improvement act both expressly remove the fifty per cent limitation in the case of an installment assessment. There is no ambiguity or uncertainty about the language. The most that can be said about these provisions is that they do not give the property owner as complete protection as he is led to expect by the first and original limitation. But, as was said in *Warren* v. *Postel*, 99 Cal. 294, [33 Pac. 930], ''absolute protection against the city council is not obtainable under any such scheme. The legislature is the proper place to go for improvement in this matter.'' The case last cited holds that

the provisions of the street law of 1885 placing a limitation of one-half of the assessed value of the property on any one work did not prohibit two public works under two separate street proceedings being done during the same year, even though the aggregate of the assessments exceeded the one-half limit. We think that decision is analogous to the facts of this case.

Appellant probably does not realize the lengths he would have this court go in "reading into the statute." In the first place, the limitation in the statute is not that the assessment must not exceed fifty per cent of the assessed value, but that the assessment "together with all assessments for street improvements that may have been levied upon the same property during the year next preceding" shall not exceed fifty per cent. If we should hold installments to be the same as "assessments levied," and therefore make the provision applicable to installments, the installments would automatically be cut down to twenty-five per cent, because we should have to take account of the installment assessment of the "year next preceding." Also, with regard to the first installment we should have to take into account any other assessment levied during the year next preceding the year of the first installment, which in many cases would make the first installment different in amount from subsequent ones. Again, the installments are limited to ten in number, and if these are each limited in amount the total assessment would be limited in amount. Perhaps appellant would welcome all this, but these things are not in the statute. These considerations only serve to demonstrate the maze we fall into when we try to read a meaning into a statute which is not ambiguous nor uncertain.

[2] Appellant briefly states that the assessment is void because the contractor's bid includes certain sums for printing, engineering, and inspection; that the only proper items are for labor and material. He does not cite any authority and appears not to have raised the point in the court below. His special demurrer called attention to the items, but the demurrer was not well taken, and it was properly overruled. The place to make an objection of this kind is, moreover, before the board of supervisors. (*Ahlman* v. *Barber Asphalt Pav. Co.,* 40 Cal. App. 395, [181 Pac. 238]; *Hutchinson Co.* v. *Coughlin,* 42 Cal. App. 664, [184 Pac. 435].)

[3] The complaint does not show on its face that the assessment was divided into installments, neither does it show that the assessment exceeded the fifty per cent limitation. We do not think the complaint is defective on this account. But at any rate the full facts on this point are set out at length in defendant's answer, which cures the defect, if any, in the complaint. (*Girvin* v. *Simon,* 116 Cal. 604, [48 Pac. 720]; *Booth* v. *Oakland Bank of Savings,* 122 Cal. 19, [54 Pac. 370]; *Nolan* v. *Fidelity & Deposit Co.,* 2 Cal. App. 1, [82 Pac. 1119]; *Merryman* v. *Kirkby,* 13 Cal. App. 344, [109 Pac. 635]; *Daggett* v. *Gray,* 110 Cal. 169, [42 Pac. 568]; *Savings Bank* v. *Barrett,* 126 Cal. 413, [58 Pac. 914].)

This disposes of all the points raised by appellant.

The judgment appealed from is affirmed.

Waste, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 12, 1920, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 10, 1920.

All the Justices concurred.