EBERHARD FABER vs. SAMUEL D. HOVEY & another.

Middlesex.　January 20. — 26, 1875.　AMES & ENDICOTT, JJ., absent.

If, by the law of a state where a judgment is obtained, an appeal does not stay proceedings on the judgment in that state, the pendency of such an appeal is no bar to an action on the judgment in this Commonwealth.

CONTRACT on a judgment of the Supreme Court of the County and State of New York. The case was submitted to the Superior Court, and to this court on appeal, upon an agreed statement of facts in substance as follows :

A judgment was recovered in the State of New York, at the time and for the amount alleged, by the plaintiff against these defendants. An appeal was duly taken, under the laws of New York, from said judgment to the general term of the Supreme Court of that State, and the said appeal was there pending at the commencement of this action, and is still there pending. By the laws of New York, upon an appeal being taken from a judgment, such appeal does not stay the proceedings or the execution of the judgment, unless a written undertaking be executed, on the part of the appellant, by at least two sureties, to the effect that if the judgment appealed from, or any part thereof, be affirmed, the appellant will pay such judgment and all costs and damages which shall be awarded against the appellant upon the appeal. In this case, no security was given by the defendants, or either of them, as is required by the laws of New York, to stay proceedings in the suit, or upon the judgment, upon such appeal being taken, or to prevent the issuing of an execution upon the judgment; and their property, and the property of either of them, in the State of New York, is liable to be taken upon an execution issued upon such judgment, in order to satisfy the same, their said appeal and its due prosecution and pendency to the contrary notwithstanding. And by the laws of the State of New York, upon reversal or modification by the appellate court of the judgment aforesaid, such court may make order for the restitution of money paid, or property and rights, if any, lost by reason of the judgment so reversed or modified.

If upon the above facts the plaintiff is entitled to judgment in this action, in this court, then judgment is to be entered for him

according to his declaration, for the amount of said judgment, with interest thereon from the date of the rendition thereof to the date of judgment in this court, with costs ; otherwise, for the defendants.

On the foregoing facts the Superior Court ordered judgment for the plaintiff, and the defendants appealed to this court.

*P. Thacher*, for the plaintiff.

*B. F. Jacobs*, for the defendants.

GRAY, C. J.   The Constitution of the United States declares that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state : and empowers Congress by general laws to prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof.   Const. U. S. art. 4, § 1.   Congress, in the exercise of the power thus conferred, has provided that the records and judicial proceedings of the courts of any state, authenticated as therein prescribed, " shall have such faith and credit given to them in every court within the United States, as they have by law or usage in the courts of the state from whence the said records are or shall be taken."   U. S. St. 1790, *c.* 38.   The judgment of a court of another state, having jurisdiction of the cause and the parties, must therefore be allowed the same effect in the courts of this Commonwealth as it would have in the state in which it was rendered.   *Carleton* v. *Bickford*, 13 Gray, 591.   *Thompson* v. *Whitman*, 18 Wall. 457, and cases cited.   *Knowles* v. *Gaslight & Coke Co.* 19 Wall. 58.

The case stated shows that by the law of New York an appeal does not vacate the judgment appealed from, or stay execution, unless the appellant gives security to pay the judgment, with costs and damages, if it is affirmed ; and corresponds, in this respect, rather to a writ of error or review, than to an appeal, under our practice.   It follows that the judgment recovered by the plaintiff against the defendants is in full force, notwithstanding the appeal, and that the plaintiff is entitled to maintain this action thereon.   And so are all the authorities.   *Seeley* v. *Pritchard*, before Nelson, J., cited in 28 Conn. 442.   *Suydam* v. *Hoyt*, 1 Dutch. 230.   *Merchants' Ins. Co.* v. *De Wolf*, 33 Penn. St. 45.   *Bank of North America* v. *Wheeler*, 28 Conn. 433.   *Nill* v. *Comparet*, 16 Ind. 107.   *Cherry* v. *Speight*, 28 Tex. 503.   *Rogers* v. *Hatch*, 8 Nev. 35.        *Judgment for the plaintiff,*