[Nos. 14704, 14705.  In Bank.—July 21, 1893.]

# A. H. NAFTZGER, APPELLANT, v. FRANK W. GREGG ET AL., RESPONDENTS, AND A. H. NAFTZGER, APPELLANT, v. W. F. MONTAGUE ET AL., RESPONDENTS.

VENDOR AND PURCHASER—ACTION UPON NOTES FOR PURCHASE-MONEY—CONSIDERATION—DEFENSE—INSUFFICIENT COMPLAINT—TENDER OF DEED.—In an action by a vendor of land upon promissory notes given for the last two installments of purchase-money, where the complaint does not allude to the contract nor allege a tender of a deed before bringing the suit, an answer setting forth the contract and averring that the execution of the contract and the making of the notes were part of the same transaction, and that the contract was the only consideration of the notes, from which it appeared that the covenants of the vendor and purchaser were mutual and dependent, and that neither could put the other in default without tendering a performance on his part, discloses a defense to the action, and shows that the complaint is defective in not alleging the tender of a deed by the plaintiff before suit.

ID.—NON-EXECUTION OF DEED—IMMATERIAL AVERMENT AND FINDING.—An averment in the answer that the plaintiff has not executed a deed as provided in the contract, and the finding of the court that that averment is true, is immaterial, as defendant on his part could not insist upon such execution, or put plaintiff in default without a tender of purchase-money by him, though the complaint should allege the tender of such deed in order to put the defendant in default for non-payment of the purchase-money.

ID.—ANSWER FOR WANT OF INFORMATION OR BELIEF.—An answer placing a denial of an averment of the complaint, on the ground of want of information sufficient to enable the defendant to answer the same, without also averring that they have no belief on the subject sufficient to enable such answer, is not sufficient to raise an issue.

ID.—FORMER ADJUDICATION—PENDENCY OF ACTION.—An action is deemed pending under section 1049 of the Code of Civil Procedure from the time of its commencement until its final determination upon appeal, or until the time for appeal is past, unless the judgment is sooner satisfied, and a judgment in an action so pending cannot constitute a bar to recovery in another action between the same parties relating to the same subject-matter.

SEPARATE APPEALS from two several judgments of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*E. B. Stanton,* and *Chapman & Hendrick,* for Appellant.

*Goodcell & McIntyre,* for Respondents.

THE COURT.— The above-entitled causes between the same parties and relating to the same subject-matter will be considered together for convenience, if not of necessity. As No. 14705 was first tried, it will be first stated. It is an action upon two

promissory notes made by the defendants, each for two thousand five hundred dollars, dated September 8, 1887, one payable one year, and the other two years after date. It was commenced March 10, 1890. The complaint is in two counts in the usual form, and is on its face sufficient. The answer of the defendants expressly admits each and every allegation of the complaint, but alleges that there was no considera'ion for said notes, or either of them, other than a written contract of even date with the notes, whereby the plaintiff agreed to sell and convey to the defendants, and the defendants agreed to buy from plaintiff, a certain lot or parcel of land, and to pay therefor seven thousand dollars—two thousand dollars upon the execution of the contract, two thousand five hundred dollars in one year, and two thousand five hundred dollars in two years from date of contract; the deferred payments being evidenced by the two notes described in the complaint. A copy of the contract is exhibited as a part of the answer, and contains the following: "In the event of a failure to comply with the terms hereof by the said parties of the second part (defendants), the said party of the first part shall be released from all obligations in law or in equity to convey said property, and said parties of the second part shall forfeit all right thereto; and the said party of the first part, on receiving such payments at the time and in the manner above mentioned, agrees to execute and deliver to the parties of the second part, or to their assigns, a good and sufficient deed conveying said land free and clear of all encumbrances made, done, or suffered by the said party of the first part; . . . . and that time is of the essence of this contract." The answer further alleges that the defendants paid two thousand dollars at the time the contract was executed, and that "the plaintiff has not executed to the defendants the deed provided for in said contract, or any deed of conveyance of said land, or any part thereof." The court found as facts the execution of the contract; that defendants paid thereon at the time it was executed two thousand dollars; that the notes in suit were given at the same time as a part of the same transaction; and that "the plaintiff has not executed to the defendants the deed provided for in said contract, or any deed of conveyance of said land, or any part thereof"; and as conclu-

sions of law found "that the plaintiff is not entitled to any relief in this action," and "that the defendants are entitled to judgment against the plaintiff for their costs"; and rendered judgment accordingly on July 29, 1890.    The plaintiff appealed from this judgment on July 9, 1891, upon the judgment roll, without a bill of exceptions.

Number 14704 is an action (commenced October 11, 1890) upon the same two promissory notes to recover the amount alleged to be due thereon, and to enforce the vendor's lien upon the lot described in the contract of sale.    The complaint differs from that in the former action (No. 14705) only in that it sets out the contract of sale, alleges that the notes were made to secure the unpaid purchase-money, and "that, after the maturity of said promissory notes, and before the commencement of this action, the plaintiff tendered to said defendants a good and sufficient deed conveying to the defendants the said premises described in the said agreement, free and clear of all encumbrances made, done, or suffered by the plaintiff, . . . . and at the same time demanded of said defendants payment of the said promissory notes; but that said defendants then refused, and ever since have refused, to accept the said deed, and then refused, and ever since have refused, to pay the said promissory notes, or any part thereof; and "that at the time of the maturity of said promissory notes the plaintiff was, and ever since has been, and still is, ready, willing, and able to carry out and perform his said agreement on his part, and to deliver to said defendants a good and sufficient deed conveying said premises to said defendants free and clear of all encumbrances made, done, or suffered by the plaintiff; and he hereby offers to deliver such deed upon payment of said notes."    In their answer to this complaint the defendants "admit each and every averment thereof, except that as to the averment that the plaintiff was and is the owner of the land described in said amended complaint; these defendants are not sufficiently informed to enable them to answer the same, and therefore they deny that the plaintiff was at any of the times mentioned in the complaint, or that he now is, the owner of said land, or able to convey a good title thereto to defendants."    For a further answer they pleaded the former judgment in the above-entitled cause, No.

14705, as a bar to this action. The plaintiff demurred to each branch of the answer on the ground that it stated no defense. The demurrer was overruled, and the cause was tried by the court. The court found as facts that the former action was between the same parties and for the same cause, and that it was therein adjudged and determined that the averments of the answer therein were true; that the plaintiff had failed to perform said contract of sale on his part, and that he was not entitled to any relief against the defendants on account of said notes, or the purchase price of said land; and as a conclusion of law found that by the judgment in the former action the plaintiff is estopped from maintaining this action, and accordingly rendered final judgment in favor of defendants on July 7, 1891. From this judgment plaintiff appealed on July 9, 1891, upon the judgment roll containing a bill of exceptions.

1. On the appeal from the former judgment (No. 14705) the appellant contends, in substance, that no defense to the action was either pleaded by defendants or found by the court, and that plaintiff was entitled to judgment upon the pleadings and findings of fact. It is true that the averment in the answer that the plaintiff had not executed to defendants the deed provided for in the contract, and the finding of the court that this averment was true, were entirely immaterial, since the plaintiff was under no obligation to execute the deed until the purchase-money was tendered or paid, and could not be put in default without a tender of the purchase-money by the defendants. (*Englander* v. *Rogers,* 41 Cal. 420; *Newton* v. *Hull,* 90 Cal. 487.) But the setting out of the contract, and the averment that the execution of the contract and the making of the notes were parts of the same transaction, and that the contract was the only consideration for the notes, were material, since it thereby appeared that "the covenants of the vendor and vendee were mutual and dependent, and neither could put the other in default, except by tendering a performance in his own part, unless the other party either waived the tender, or by his conduct rendered it unnecessary." (*Englander* v. *Rogers,* 41 Cal. 420.) And also that the complaint was defective in that it did not set out the contract of sale, nor aver that plaintiff had tendered to defendants a deed of the land. The averment of

this new matter in the answer was a complete defense to the *prima facie* cause of action stated in the complaint, and the finding by the court that this new matter was true, supports the judgment. It may be that the plaintiff might have obtained leave to amend his complaint by adding the averment that he had tendered a deed before the commencement of the action, if the fact had been so; but, for some reason which does not appear, he did not so amend his complaint. There was no averment in the pleading of either party, and consequently no finding, as to whether or not the plaintiff had tendered a deed; yet facts were pleaded by defendants, and found by the court, from which it resulted as a legal conclusion that the plaintiff had no cause of action. The plaintiff had failed to set forth that part of the contract which required him to tender a deed as a necessary condition of his right to recover on his notes, and also failed to state that he had performed that condition; and the new matter stated in the answer only partially supplied the deficiency, as it contained nothing in respect to a tender of the deed. It devolved upon the plaintiff to allege and prove that he had tendered a deed; otherwise *it* did not appear that the defendants were in default. The authorities, in addition to those above cited, which warrant this conclusion are numerous, and a large collection of them may be found in 2 Bingham on Real Estate, page 716, chapter 12, etc.

2. On the appeal from the subsequent judgment (No. 14704) the appellant contends, first, that his demurrer should have been sustained to that part of the answer which denies that plaintiff was the owner of the land he agreed to sell to defendants, or able to convey a good title thereto, and puts the denial on the ground that "these defendants are not sufficiently informed to enable them to answer the same." Section 437 of the Code of Civil Procedure provides: "If the defendant has no information or belief upon the subject sufficient to enable him to answer an allegation of the complaint, he may so state in his answer, and place his denial on that ground." It seems obvious that the denial in this case is not in substantial compliance with the code, since it does not state that defendants have no belief on the subject sufficient to enable them to answer; but the point is of no importance, for the reason that the court

made no finding upon the issue attempted to be made by this denial, and placed its decision solely upon the ground that the former judgment is a bar to this action.

But it is claimed that the court below erred in admitting in evidence against plaintiff's objection the judgment in the former action, because it had not become final with reference to the subject-matter thereof, as the time for appeal therein had not expired when the trial of this cause was had. We think this claim should be sustained.

Section 1049 of the Code of Civil Procedure provides that an action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied.

It appears that the judgment in the former action was given and entered July 29, 1890, and that said action was still pending within the meaning of the provisions of the foregoing section when this cause was tried in the court below, which the record shows was commenced on March 12, 1891, more than four months before the time for appeal had passed.

It therefore follows that the court erred in admitting in evidence the judgment roll in the former action against plaintiff's objection in bar of plaintiff's right to recover in this action. (*Harris* v. *Barnhart*, 97 Cal. 546.)

Let the former judgment, No. 14705, be affirmed; and the latter judgment, No. 14704, be reversed, and the cause remanded for a new trial.

HARRISON, J., concurring. — I concur in the judgment. In my opinion, however, the error of the court below was not in admitting the judgment roll in evidence, but in determining that it constituted a bar to the plaintiff's right of recovery. The evidence offered — the judgment roll — was relevant to the issue presented by the answer, and of a character competent to establish that issue. The objection that it was not sufficient in itself for that purpose went to its weight, and not to its admissibility. It was a judgment that had been rendered between the same parties upon the same cause of action, and by a court of competent jurisdiction, and unless it is to be held that a judgment is not under any circumstances admissible in evidence

until the time for an appeal therefrom has expired, the court properly received it. Section 1049 of the Code of Civil Procedure does not purport to prescribe a rule of evidence, but merely to determine the condition of an action after judgment has been rendered, and, inferentially, the effect of the judgment; and there are many cases in which a judgment is admissible in evidence at any time after its entry. The court could not anticipate that this was all the evidence to be given upon that issue, and thus exclude it from being considered. It might be shown that there had already been a final determination upon appeal, or that the parties had consented that there should be no appeal. When, however, upon the submission of the case it appeared to the court that a year had not elapsed since the entry of the judgment, and no other evidence upon that issue had been introduced, the court should have held that it did not constitute a bar, for the reason that under the provisions of section 1049 of the Code of Civil Procedure the action was deemed to be still pending.

PATERSON, J.—I concur in the views of Mr. Justice HARRISON.

GAROUTTE, J.—I concur.

BEATTY, C. J.—I dissent. I think the judgment in No. 14705 is erroneous, and should be reversed. In the other case, No. 14704, I concur in the judgment of reversal.