[No. 14837. In Bank. — September 1, 1893.]

## IN THE MATTER OF THE ESTATE OF THOMAS H. BLYTHE, DECEASED.

ESTATES OF DECEDENT — CONTEST OF HEIRSHIP — APPLICATION FOR FAMILY ALLOWANCE — EVIDENCE — FINDINGS AND JUDGMENT DETERMINING CONTEST. — Upon an application to the probate court for a family allowance by an alleged daughter of the decedent, where the allegation of the petition that the petitioner was the child and heir-at-law of the decedent was denied by parties claiming to be next of kin to the decedent, the findings and judgment rendered in an action under section 1664 of the Code of Civil Procedure, to determine the heirship, which determine her to be the child and heir-at-law of the decedent, but which are only nine days old when offered in evidence, are not admissible or sufficient evidence to support a decree granting her a family allowance.

ID. — JUDGMENT INADMISSIBLE UNTIL ACTION IS FINALLY DETERMINED. — An action is deemed pending until the time for appeal has expired, or the judgment is sooner satisfied; and a judgment is not admissible in evidence for the purpose of proving facts therein cited, so long as it is liable to reversal upon appeal, or until the action is finally determined, so that the judgment shall become *res adjudicata*.

ID. — JURISDICTION — DENIAL OF PATERNITY OF PETITIONER FOR FAMILY ALLOWANCE — QUESTION OF FACT. — Upon an application to the probate court for a

family allowance by an alleged daughter of a decedent, the question as to whether or not the petitioner is a child of the decedent, is a question of fact for the court to determine before denying or granting the application, and the mere fact that the petitioner's *status* as a child of the decedent is denied, does not render the court without jurisdiction to make the order of allowance, provided the facts showing the petitioner's right are proved by competent evidence.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a family allowance.

The facts are stated in the opinion of the court.

*H. S. Brown, John R. Jarboe, W. S. Goodfellow,* and *Edward R. Taylor,* for Appellants.

*H. L. Gear, Amicus Curiæ,* also for Appellants.

The judgment when offered in evidence was not final, but the action was still pending, and the judgment had no effect as a determination of rights or as an instrument of evidence. (Code Civ. Proc., sec. 1049; *Murray* v. *Green,* 64 Cal. 364; *People* v. *Treadwell,* 66 Cal. 401; *McGarrahan* v. *Maxwell,* 28 Cal. 92.) The case was not a proper one for a family allowance. (*In re Noah,* 73 Cal. 588, 589; 2 Am. St. Rep. 829; *Coates' Estate,* 12 Phila. 171; *Barber* v. *Ellis,* 68 Miss. 172; *Estate of Byrne,* Myrick's Probate Rep. 1.)

*S. W. & E. B. Holladay, Amicus Curiæ,* also for Appellants.

The evidence affirmatively showed an absence of jurisdiction in the probate court to grant the allowance, as the heirship was a matter in issue, and until finally determined was not final or conclusive, and the action being still pending the jurisdiction of the probate court was still withdrawn and suspended. (Code Civ. Proc., sec. 1049.)

*T. I. Bergin,* for Respondent:

The statute authorized the court to make the allowance. (Code Civ. Proc., sec. 1466.) This it has the power to do without notice. (*Kearney* v. *Kearney,* 72 Cal. 595.)

*W. H. H. Hart, Garber, Boalt & Bishop,* and *W. W. Foote,* also for Respondent.

GAROUTTE, J. — This appeal is prosecuted from an order granting a family allowance to Florence Blythe. Upon the hearing of the petition for the allowance counsel for the applicant introduced in evidence the findings of fact, conclusions of law, and the decree heretofore made and entered in the action of *Blythe* v. *Ayers*, wherein it is found and adjudged that Florence Blythe is the lawful child and heir of Thomas H. Blythe, deceased. The petitioner, aside from certain matters pertaining to property, rested her application upon the foregoing evidence. Appellants thereupon requested the court to grant a continuance for such reasonable time as would enable them to perfect an appeal to the supreme court from the judgment in *Blythe* v. *Ayers*, and stated that they intended in good faith to appeal from such judgment, and also asked for a continuance for the purpose of introducing testimony to prove that the petitioner was not, in fact, the child of said Thomas H. Blythe, deceased, or a member of his family. These motions being denied, appellants then moved the court to deny the prayer of said petitioner upon the grounds that no evidence had been introduced that she was the child of said Thomas H. Blythe, deceased, or a member of his family, other than the findings, etc. (to which reference has already been made), and that said findings of fact, conclusions of law and decree, show that petitioner never was the adopted child of Blythe, the deceased. This motion was denied and the family allowance ordered.

We do not find it necessary to consider the claims of counsel that the court abused its discretion in not granting appellants a reasonable continuance for the purposes stated, as the decree must be reversed upon other grounds. ' Neither do we deem the contention of appellants sound wherein it is insisted that the court had no jurisdiction to make the order of allowance, because the petitioner's *status* as the child of Blythe was denied. That was a question of fact for the court to determine before denying or granting the application and in no sense jurisdictional.

The decree must be reversed because there is no evidence to support it. Appellants were present at the hearing of the application, and denied the allegation of the petition that Florence Blythe was the child and heir-at-law of Blythe, de-

ceased. To prove that fact findings, conclusions of law and decree in the case of *Blythe* v. *Ayers* were introduced in evidence. We think them wholly insufficient to prove it. The findings and decree in that action were filed and entered October 22, 1890. The application for an allowance was filed and heard October 31, 1890. The judgment was but nine days old when offered in evidence, and under the statute the losing parties were entitled to an appeal from it at any time within sixty days from its rendition. By virtue of section 1049 of the Code of Civil Procedure, an action is pending until the time for appeal has expired, or the judgment sooner satisfied. This judgment, being but nine days old at the date of the hearing, and not satisfied, afforded no evidence of the facts therein found, for it was not a final judgment inasmuch as the action was still pending. A judgment, in order to be admissible in evidence for the purpose of proving facts therein recited, must be a final judgment in the cause, and if the action in which the judgment is rendered is still pending, necessarily the judgment is not final. As was said in *Hills* v. *Sherwood*, 33 Cal. 478: "Although a judgment may be final with reference to the court which pronounced it, and as such be the subject of appeal, yet it is not necessarily final with reference to the property or rights affected so long as it is subject to appeal and liable to be reversed."

The sound policy of a law which will not allow a decree to stand upon such evidence is well illustrated by the Blythe litigation. This judgment, which was introduced in evidence upon the hearing of the matter of family allowance to prove the paternity of the child, has since been attacked by appeal, and the matter is now pending in this court. Let us assume that the judgment will be reversed upon the findings, and the cause remanded with directions to enter judgment for appellants. By such assumption the judgment upon which the decree of family allowance was based has gone forever. It has not only disappeared, but the evidence of the paternity of the child upon which the allowance was granted is declared by the court of last resort to be no evidence of such paternity. If this judgment was evidence of the fact of paternity, it was conclusive evidence of that fact; it was *res adjudicata;* yet that cannot be

possible, for nothing is *res adjudicata* until it has reached final judgment. As was said in *Webb* v. *Buckelew*, 82 N. Y. 560: "It is, therefore, only a final judgment upon the merits which prevents further contest upon the same issue, and becomes evidence in another action, between the same parties, or their privies. Until final judgment is reached, the proceedings are subject to change and modification, are imperfect and inchoate, and can avail nothing as a bar or as evidence, until the judgment with its verity as a record settles finally and conclusively the question at issue." And again: "Whenever it fails to fix and determine the ultimate rights of the parties, wherever it leaves room for a final decision yet to be made, it is not admissible in another action, for the plain reason that it has finally decided and settled nothing. Until the judgment comes no man can know what the ultimate decision will be."

In *Harris* v. *Barnhart*, 97 Cal. 546, it is decided that a judgment cannot be pleaded in bar where it has not been satisfied and the time for appeal has not expired. In other words, the judgment is not a final judgment if the action is still pending and the plea should be in abatement. In *Naftzger* v. *Gregg*, 99 Cal. 83, the doctrine is again declared, some of the justices holding that: "When upon the submission of the case it appeared to the court that a year had not elapsed since the entry of the judgment, and no other evidence upon that issue had been introduced, the court should have held that it did not constitute a bar, for the reason that under the provisions of section 1049 of the Code of Civil Procedure the action was deemed to be still pending." Other members of the court went to greater lengths and declared the judgment inadmissible as evidence for any purpose.

For the foregoing reasons, we conclude the evidence is wholly insufficient to support the order.

Let the order be reversed.

McFarland, J., Fitzgerald, J., and De Haven, J., concurred.