Argued April 28, decided May 20, 1913.

## SPENCER *v.* BARNES.

### (132 Pac. 707.)

**Judgment—Actions—Defenses—Pendency of Appeal.**
A foreign judgment may be sued on in this state, pending a motion for new trial, before the time for appeal has expired, if in the state in which the judgment was rendered an appeal does not affect the judgment or stay execution.

[As to the effect of foreign judgments, see notes in 7 Am. Dec. 324; 82 Am. Dec. 411; 94 Am. St. Rep. 532.]

From Marion: PERCY R. KELLY, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action by A. B. Spencer against Legene S. Barnes upon a judgment of a sister state. Plaintiff recovered judgment in the Superior Court of Los Angeles County, California, against the defendant for the sum of $71,625, on the 29th day of July, 1912. Thereafter defendant duly filed a motion to set aside such judgment, and for a new trial. The motion was argued and taken under advisement by the court, and, at the time the answer was filed in this case, had not been decided. This action was commenced on No-

vember 7, 1912.   Defendant filed a plea in abatement, joined with a plea to the merits.   By the plea in abatement, defendant contends that the judgment sued upon is not final, and therefore not sufficient upon which to base an action, in that the time for appeal had not expired.   A supplemental complaint was filed, alleging that on the motion of plaintiff the Superior Court of California modified the judgment *nunc pro tunc,* correcting the amount of the judgment by striking out the figures $71,625, and inserting in lieu thereof, $69,325, and in this action plaintiff changes his prayer accordingly.   Judgment was rendered in the Circuit Court for plaintiff in that amount and the defendant appeals.

AFFIRMED.

For appellant there was a brief, with oral arguments by *Mr. John A. Carson* and *Mr. George G. Bingham.*

For respondent there was a brief over the names of *Mr. Oscar Hayter, Mr. George F. Skiff* and *Mr. Woodson T. Slater,* with oral arguments by *Mr. Hayter,* and *Mr. Slater.*

Mr. JUSTICE EAKIN delivered the opinion of the court.

There is but one question for decision, namely, whether a judgment of another state may be sued upon in this state, pending a motion for a new trial, before the time for appeal has expired.   Defendant contends that it cannot, and cites the following six California decisions as authority for that contention: The case of *Harris* v. *Barnhart,* 97 Cal. 546, 550 (32 Pac. 589), which is an action for a debt, and in which it is held that a former judgment (domestic) for the same debt, pending appeal thereon, is not admissible in evidence on the defense of *res adjudicata,* but is admissible upon a plea in abatement; *Naftzger* v. *Gregg,*

99 Cal. 83 (33 Pac. 757, 37 Am. St. Rep. 23), in which the court only holds that a domestic judgment pending upon appeal does not constitute a bar to recover in another action for the same liability; *In re Blythe's Estate,* 99 Cal. 472 (34 Pac. 108), a case holding that such a judgment is not admissible in evidence to prove the facts litigated therein; *Feeney* v. *Hinckley,* 134 Cal. 467 (66 Pac. 580, 86 Am. St. Rep. 290), a case relating to the time of the running of the statute of limitations; the case of *Cook* v. *Ceas,* 143 Cal. 221 (77 Pac. 65), which relates to the time within which an action may be brought on a guardian's bond; and that of *Harrier* v. *Bassford,* 145 Cal. 529 (78 Pac. 1038), pertaining to the running of the statute of limitations against a judgment. In California, as in Oregon, it is a good defense to an action that there is another action pending for the same debt; but that ruling has no application to an action upon a judgment rendered in another state. None of the above cases involve the question under consideration.

In California a judgment may be enforced by execution, notwithstanding an appeal therefrom, unless appellant shall give a supersedeas undertaking on appeal (Cal. Code Civ. Proc., § 942), and that is the criterion by which it is determined whether or not a judgment may be sued upon in another state; that is, whether or not a judgment may be enforced in the state where it was rendered.

It is said in 2 Cyc. 974, that the pendency of an appeal in the state of judgment is no bar to an action on the judgment in another state, if, in the state of judgment, the appeal does not vacate the judgment or stay execution. A similar statement is made in 23 Cyc. 1504. And in 23 Cyc., at page 1563, it is said that if, by the law of the state in which a judgment is obtained, an appeal does not operate as a supersedeas

or stay proceedings on the judgment in that state, the pendency of such an appeal is no bar to an action on the judgment in another state. This has been the holding in the Supreme Court of California.

In *Taylor* v. *Shew,* 39 Cal. 536, at page 540 (2 Am. Rep. 478), which is an action upon a judgment rendered in New York, pending there on appeal, the court says: "In the absence of any proof to the contrary, the presumption is that the effect of the alleged appeal by the laws of New York is the same as in this state; and in this state such appeal would not stay execution or proceedings for the collection of the amount of the judgment appealed from, pending the appeal, nor destroy or weaken the force and effect of the record of the judgment as evidence of the facts or matters necessarily determined thereby." That case was cited with approval in *Dowdell* v. *Carpy,* 137 Cal. 333, 338 (70 Pac. 167), where a defendant pleaded a domestic judgment as a counterclaim, and in which case it was held that on the appeal from the judgment pleaded as a counterclaim, as no bond was filed staying execution, there was nothing to prevent an action being brought on such judgment at any time after it was rendered; therefore it was a proper basis for the counterclaim (citing *Taylor* v. *Shew,* 39 Cal. 536; *Clark* v. *Child,* 136 Mass. 344 (2 Am. Rep. 478). See, also, as bearing upon this point, *Jenner* v. *Murphy,* 6 Cal. App. 434 (92 Pac. 405); *Cook* v. *Rice,* 91 Cal. 664 (27 Pac. 1081), and *Sewell* v. *Price* (Cal.), 128 Pac. 407, 409, in which the distinction between *Feeney* v. *Hinckley,* 134 Cal. 467 (66 Pac. 580, 86 Am. St. Rep. 290), and the case before us is made plain.

In *Dow* v. *Blake,* 148 Ill. 76 (35 N. E. 761, 39 Am. St. Rep. 156), it is said that where a suit is brought in this state upon a judgment rendered in another state, such judgment will be given the same force and effect

as it had in the state where it was rendered; and, unless it appears that the appeal suspends the judgment in the state where rendered, its pendency is no bar to an action on the judgment in another state.   In that case it was objected that the judgment declared upon was not a final judgment.   But it was held that if, after a judgment is rendered, no further question can come before the court except as to its enforcement, it is final. In the case at bar the judgment was the final judgment of the court that rendered it.   There is no conflict in the authorities upon the law as announced in 23 Cyc., *supra.*   The following additional cases are to that effect: *Clark* v. *Child,* 136 Mass. 344; *Faber* v. *Hovey,* 117 Mass. 107 (19 Am. Rep. 398); *Rogers* v. *Hatch,* 8 Nev. 35; *Piedmont & Arlington Life Ins. Co.* v. *Ray,* 75 Va. 821; *Woodbridge & Turner Engineering Co.* v. *Ritter* (C. C.), 70 Fed. 677; *Union Trust Co.* v. *Rochester & P. R. Co.* (C. C.), 29 Fed. 609; *Cain* v. *Williams,* 16 Nev. 426, 430; *Suydam* v. *Hoyt,* 25 N. J. Law, 230; *Lonergan* v. *Lonergan,* 55 Neb. 641 (76 N. W. 16); *Gilmore* v. *H. W. Baker Co.,* 14 Wash. 52 (44 Pac. 101).

We find no error in the record.   The judgment is affirmed.                                          AFFIRMED.