WILLIAM M. EBNER, Respondent, v. PETER STEFFANSON, Appellant.

(5 A.L.R. 1261, 172 N. W. 857.)

**Judgment — effect of appeal on actions in other states.**

1. In an action in the superior court of Los Angeles county, state of California, by the plaintiff against defendant et al., a judgment was entered in plaintiff's favor for $7,399.99 upon which there was paid $358.40, leaving a balance due thereon of $7,041.40. Steffanson with other of the defendants appealed from such judgment to the supreme court of the state of California, and such appeal is still therein pending. The plaintiff, while the action was still

pending in the supreme court of California, brought suit in the district court of Burleigh county, North Dakota, upon the judgment, and recovered judgment thereon in said court in the sum of $7,709.61.

**Evidence — judgments from other states as evidence while appeal in original state is pending.**

2. The defense was that, under the laws of California and the decisions of their supreme court, no action could be maintained on the judgment in North Dakota while the appeal from the judgment remained undetermined in the supreme court of California, and that the judgment could not be offered in evidence during that time. Construing the laws of California in this regard, it is *held* that the judgment was a proper basis for cause of action thereon; that such judgment was competent evidence to prove its own existence and contents.

**Procedure — foreign judgment properly admitted.**

3. It is *held* that judgment was properly rendered in the district court of Burleigh county, North Dakota, upon the California judgment sued upon, in view of the fact that the appeal from the judgment to the supreme court of California would not suspend or stay the execution or other proceedings on the judgment, there being no stay bond executed as required by § 942 of the Code of Civil Procedure of California relative to an appeal from a money judgment.

**Judgment — effect of appeal.**

4. It is the general rule in California as announced by their decisions that, in an appeal from a judgment in that state, where their laws do not require that a stay bond shall be furnished in order to stay execution or other proceedings on the judgment, during the pendency of such appeal such judgment is to all intents and purposes suspended during the appeal, and is not competent as evidence until a determination of the appeal. This rule does not apply to an appeal from a judgment where a stay bond under the law of California is required to stay execution or other proceedings on the judgment.

Opinion filed April 26, 1919.

Action for the recovery upon a money judgment of the Superior Court of Los Angeles County, California, District Court, Burleigh County, *Nuessle*, J.

From a judgment in favor of plaintiff the defendant appeals.

Modified and affirmed.

*Newton, Dullam, & Young*, for appellant.

"The effect of the judgment of California must be determined by the laws of California." 23 Cyc. 1563; 2 Elliott, Ev. § 1535; Mills

v. Duryee, 7 Cranch, 411, 3 L. ed. 478; Cole v. Cunningham, 133 U. S. 107; Fox v. Nick, 20 Cal. 599, 129 Pac. 972; 1 Rose's Notes (U. S.) p. 576.

*J. A. Hyland*, for respondent.

Where no bond has been given on appeal there can be no stay of execution, and judgment may be sued on in this state. Cal. Code Civ. Proc. § 942; Lonergan v. Lonergan (Neb.) 76 N. W. 641; Bank v. North America v. Wheeler, 73 Am. Dec. 683; 23 Cyc. 1504; McKannay v. Horton, 151 Cal. 711, 13 L.R.A.(N.S.) 661, 121 Am. St. Rep. 146, 91 Pac. 598; Osborne v. Lindstrom, 9 N. D. 1, 81 N. W. 72; Sweeter v. Fox, 43 Utah, 40, 13 Pac. 599, Ann. Cas. 1916C, 620.

GRACE, J. This is an appeal from the judgment of the district court of Burleigh county. The judgment was for $7,709.61 in favor of plaintiff and against the defendant.

The material facts in the case are as follows:

The plaintiff maintained an action in the superior court of the county of Los Angeles, California, against the West Holleywood Transfer Company, a corporation, C. H. Barck, and P. Steffanson.

On the 19th day of June, 1917, the superior court of the county of Los Angeles duly rendered and gave a judgment in said action in plaintiff's favor for the sum of $7,399.99, upon which there was paid $358.40, leaving a balance due thereon of $7,041.40.

The defendants in said action appealed from that judgment to the supreme court of that state. In taking such appeal, the defendants did not give a supersedeas bond. After the said appeal was duly taken, the plaintiff commenced an action in the district court of Burleigh county, North Dakota, upon the judgment rendered in the superior court of Los Angeles county, California, and recovered a judgment in the district court of Burleigh county, North Dakota, on the 3d day of October, 1918, for the sum of $7,041.40 and interest thereon from the 19th day of June 1917, at 7 per cent per annum, together with the costs, amounting in all to $7,709.61. In the judgment of the district court of Burleigh county was inserted a condition that no execution issue out of that court on said judgment until the judgment sued upon shall have been affirmed by the supreme court of that state.

Specified errors in this appeal present a single question of law, *viz.*,

Can a judgment rendered in the superior court of Los Angeles county, California, from which an appeal has been taken to the supreme court of that state, no supersedeas bond having been filed therein, be made the basis of a cause of action in North Dakota while the action is still pending in California and while the appeal to the supreme court of that state remains undecided?

We are of the opinion that such judgment is a proper basis of a cause of action in the state of North Dakota. The judgment which we are considering is one for money only. In California the statutory requirements on appeal from a judgment of that character from the superior court (which corresponds in jurisdiction to the district court of this state), to the supreme court, are similar to those of this state. In other words, California has by statute provided the time and manner in which an appeal may be taken to their supreme court from a judgment of the character we are considering. An appeal may be taken from the superior court of the state of California to the supreme court, in the manner provided in § 940 of the Code of Civil Procedure of the state of California. It provides the appeal is ineffectual unless, within five days after service of the notice of appeal, an undertaking is filed or a deposist of money is made with the clerk as hereafter provided, or the undertaking be waived by the adverse party in writing. Section 941 of the California Code of Civil Procedure sets forth the character of the bond required on appeal, which is in fact a cost bond and must be of such sum as to secure the payment of all damages and costs not exceeding $300.

Under § 940 of the Code of Civil Procedure of California, when a notice of appeal has been filed with the clerk of the superior court and served upon the adverse party, and the undertaking provided in § 941 duly executed and deposited with the clerk of the court in which judgment was entered, such appeal is perfected and the supreme court of the state of California acquires jurisdiction of the action. If the appeal, however, is from a money judgment, it does not stay the execution of the judgment or order, unless, as provided by § 942 of the Code of Civil Procedure of California, a written undertaking is executed by the appellant and two or more sureties in double the amount named in the judgment or order, to the effect that if the judgment or order appealed from or any part thereof be affirmed or the appeal be

dismissed, they will pay the amount directed to be paid by the judgment or order, or the part of such amount as to which the judgment or order is affirmed, if affirmed only in part and all damages and costs which may be awarded against appellant, etc. Thus, this section provides for the supersedeas bond.

The foregoing requirements of the California Code of Civil Procedure are practically identical with the requirements contained in the Code of Civil Procedure of the state of North Dakota with reference to appeal from the district courts of this state to the supreme court. It may be conceded that, upon appeal to the supreme court of California from the superior court of that state, that upon the perfection of such appeal the action is pending in the supreme court of that state.

Under § 941a of the Code of Civil Procedure of California, there is provided what is denominated an alternative method of appeal. Under this method, all that is necessary to do to effect an appeal from a superior to the supreme court of California is to file with the clerk of the superior court a notice of appeal as provided by § 941b. Mitchell v. California & O. S. S. Co. 154 Cal. 731, 99 Pac. 202. This section does not require service of notice of appeal. Potrero Neuvo Land Co. v. All Persons, 155 Cal. 371, 101 Pac. 12. Under this section no undertaking is essential to the jurisdiction of the appellate court. Union Collection Co. v. Oliver, 162 Cal. 755, 124 Pac. 435.

We are fully convinced that a money judgment of the court of California is a proper basis for a cause of action in this state, and the judgment was properly received in evidence, it being competent evidence of its own existence. The courts of the state of North Dakota will give the same force and effect to the judgments of the courts of California as their courts give to them.

The judgment being one for money only, if the defendant in this case were possessed of property, real or personal, in California subject to a levy of execution under the laws of that state, an execution could be issued upon the judgment of the superior court of California, and such property levied upon, notwithstanding the perfecting of an appeal from the judgment to the supreme court of California, and such property so levied on may be sold on execution sale unless the right to

issue such execution and to sell such property on execution sale has been stayed by supersedeas bond.

There is a money judgment in the superior court of Los Angeles county, California, and the remedies to enforce the judgment in that state have in no manner been suspended by the appeal to their supreme court.

In these circumstances the courts of this state will permit the plaintiff to sue upon that judgment, and to procure the entry of the judgment in this state upon the proper procedure having been had to accomplish that purpose; thus in this state give effect to the judgment in the same manner and to the same effect as the courts of the state of California. When an action is maintained in this state and judgment is entered therein on such judgment, this state has then given full faith and credit to the judgment of the court of the state of California.

The principal task presented in this case is to determine what the law of California is relative to the matters under consideration. The original judgment was one entered by the superior court of California. Appeal was taken from such judgment to the supreme court of that state. What the status of the judgment is until the final determination on appeal must be determined, not by the laws of North Dakota or the decisions of this court, but by the laws of California and the decisions of their supreme court.

It is claimed by the appellant that an appeal having been taken from the judgment of the superior court to the supreme court of California, the action is still pending in the courts of California, and therefore is not a final judgment, and for this reason they assert that, under the laws of California and the decisions of the supreme court of that state, the judgment, not being a final one, cannot in the courts of this state be made the basis of an action, and cannot be used as evidence to prove its contents nor any other purpose.

We are of the opinion that the contention of appellants as to the law of California and the decisions of their supreme court is in the main correct. They do not, however, take into consideration well-recognized exceptions to the general rule which exist by the laws of California, and as announced by the decisions of their supreme court, and which have been recognized by their supreme court. The general rule that a judgment of the superior court or any inferior court of the state

of California which is not a money judgment is not final where an appeal has been taken from the same, and cannot be used as evidence for any purpose, is well sustained by the following decisions of the supreme court of that state:

By the provisions of § 1049 of the Code of Civil Procedure of California: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

In Feeney v. Hinckley, 134 Cal. 467, 86 Am. St. Rep. 290, 66 Pac. 580, that court in the syllabus said: "A cause of action upon a judgment does not accrue until the judgment becomes final and admissible in evidence. The Statute of Limitation does not begin to run against an action upon the judgment from the date of its entry, but only after the lapse of the period within which an appeal might be taken from the judgment, if none is taken therefrom, or after the final determination following an appeal so taken."

In Gillmore v. American Cent. Ins. Co. 65 Cal. 63, 2 Pac. 882, the court said: "Until litigation on the merits is ended, there is no finality to the judgment, in the sense of a final determination of the rights of the parties, although it may have become final for the purpose of an appeal from it."

In Harris v. Barnhart, 97 Cal. 546, 32 Pac. 589, it is said: "Until the time for an appeal has expired, if the judgment has not been sooner satisfied, the action is, under § 1049 of the Code of Civil Procedure, to be deemed as pending."

In Re Blythe, 99 Cal. 472, 34 Pac. 108, it is said in the syllabus: "An action is deemed pending until the time for appeal has expired or the judgment is sooner satisfied; and a judgment is not admissible in evidence for the purpose of proving facts therein cited, so long as it is liable to reversal upon appeal or until the action is finally determined so that the judgment shall become *res judicata.*"

In Naftzger v. Gregg, 99 Cal. 83, 37 Am. St. Rep. 23, 33 Pac. 757, it is said in the syllabus: "An action is deemed pending under § 1049 of the Code of Civil Procedure from the time of its commencement until its final determination upon appeal or until the time for appeal is past, unless the judgment is sooner satisfied, and a judgment in an

action so pending cannot constitute a bar to recovery in another action between the name parties relating to the same subject-matter.

In the case of Story v. Story & I. Commercial Co. 100 Cal. 41, 34 Pac. 675, it is said: "The court erred in holding that the judgment rendered in the other action was a bar to the plaintiff's right of recovery for the moneys paid by her under the agreement. At the time that the court made its decision in the present case, the other action was still pending (Cal. Code Civ. Proc. § 1049), and, while that action was so pending, the judgment rendered therein could not be a bar to the prosecution of the present action. Naftzger v. Gregg, and Re Blythe, supra. The justice of this rule is apparent in view of the fact that the judgment pleaded by the respondent and determined by the court below to constitute a bar to the plaintiff's cause of action has been reversed in this court."

In the case of Purser v. Cady, 120 Cal. 214, 52 Pac. 489, it is said in the syllabus: "The judgment of foreclosure is not evidence of the existence of the lien as against an execution purchaser who was not a party to the foreclosure suit, and does not preclude him from contesting the title acquired under the foreclosure sale; nor can such judgment have any effect as evidence of the facts therein determined pending an appeal therefrom; and it is necessary for one claiming title under the foreclosure sale to prove the existence of the lien by other evidence than the judgment roll in the action of foreclosure, and if no other proof is offered no lien is shown to exist and the title acquired under the sale cannot antedate the sale."

In the case of Woodbury v. Bowman, 13 Cal. 635, it is said in the syllabus: "Where a suit is pending in the supreme court on appeal, the judgment below is suspended for all purposes, and is not evidence upon the questions at issue even between the parties."

It is plain from the foregoing decisions that in California it is the general rule that a judgment does not become final until it is satisfied, or, if an appeal is taken therefrom, until the appeal is determined. It is also equally clear that, during the pendency of an appeal from a judgment, it will not support a plea of *res judicata;* that the Statute of Limitation will not begin to run excepting from the time of the satisfaction of the judgment or the determination of the appeal from the judgment; and that a judgment in California pending the appeal there-

from is not generally to be received as evidence to prove its contents nor to be considered as evidence excepting in certain cases which we will now notice.

The case of California Mortg. & Sav. Bank v. Graves, 129 Cal. 649, 62 Pac. 259, construed § 945 of the Code of Civil Procedure of California, which is as follows: "If the judgment or order appealed from direct the sale or delivery of possession of real property, the execution of the same cannot be stayed, unless a written undertaking be executed on the part of the appellant, with two or more sureties, to the effect that during the possession of such property by the appellant, he will not commit, or suffer to be committed, any waste thereon, and that if the judgment be affirmed, or the appeal dismissed, he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of possession thereof, pursuant to the judgment or order, not exceeding a sum to be fixed by the judge of the court by which the judgment was rendered or order made, and which must be specified in the undertaking. When the judgment is for the sale of mortgaged premises and the payment of a deficiency arising upon the sale, the undertaking must also provide for the payment of such deficiency."

The court said in that case: "Appellant claims that the judgment roll in this case was improperly admitted in evidence because the case is on appeal to this court and is deemed to be pending; citing § 1049, Code Civ. Proc; Re Blythe, 99 Cal. 472, 34 Pac. 108; Naftzger v. Gregg, 99 Cal. 83, 37 Am. St. Rep. 23, 33 Pac. 757; Murray v. Green, 64 Cal. 363, 28 Pac. 118."

The court in that case called attention that no stay bond was given but only the ordinary appeal bond, and held that the cases cited by the appellant in that case did not reach the point made by him, and that the evidence was admissible, and that the writ should issue notwithstanding the appeal. The writ referred to is what is in California denominated a writ of assistance. In that state when an action is brought by a person out of possession of real property to determine an adverse claim of an interest or estate therein, the person making such adverse claim and the persons in possession may be joined as defendants, and if the judgment be for the plaintiff he may have a writ

for the possession of the premises as against the defendants in the action against whom the judgment has passed.

It will be seen from the examination of that case that most of the authority cited by the appellant in the case at bar has been held not to apply where the statute of California has provided that in certain cases judgment is not suspended nor the execution stayed unless a proper stay bond is executed or, in other words, a supersedeas bond.

In the case of McKannay v. Horton, 151 Cal. 721, 13 L.R.A. (N.S.) 661, 121 Am. St. Rep. 146, 91 Pac. 598, a case involving a title to office, the court used the following language: "It is said—arguendo—that an appeal to the supreme court operates a suspension of the judgment of the lower court for all purposes. This, as every lawyer knows, is not true. If in a civil cause the appellant does not file a sufficient undertaking to stay proceedings upon the judgment, execution will issue notwithstanding the pendency of the appeal, and may be levied upon the property of the judgment debtor, and the property may be sold and an indefeasible title vested in the purchaser at the execution sale notwithstanding the result of the appeal may be a complete and final reversal of the judgment of the trial court. And, as in civil cases, so in criminal cases, a judgment not final may be proved for every purpose for which it is effectual. It may be proved for the purpose of showing a vacancy in office just as in a civil case it may be proved to justify the levy of an execution, or to establish the title of the purchaser at the execution sale, and this even after it has been reversed on appeal."

It would seem that in California the statute provides that on appeal from certain kinds of judgments as distinguished from the ordinary judgment, a stay or supersedeas bond must be filed; that such judgments, though not final, may be proved for every purpose for which it is effectual, as to prove vacancy in office: to justify the levy of an execution to establish the title of the purchaser at the execution sale; and such judgments may be proved for any purpose which will effectuate their purpose unless they have been suspended or stayed by a proper supersedeas bond. From this we are convinced that the judgment in the case at bar could be the basis of a cause of action in this state. That it would be competent evidence to prove its own existence and its own contents for the purpose of effectuating the judgment, that

is, by assisting in enforcing the judgment by way of execution. In the case at bar, under the law of California, § 942 of the Code of Civil Procedure, the judgment being one for money, it is provided that an appeal from the judgment or order directing the payment of money does not stay the execution of the judgment or order unless a written undertaking be executed on the part of the appellant and two or more sureties to the effect that they are bound in double the amount named in the judgment or order; that if the judgment or order appealed from or any part thereof be affirmed or the appeal be dismissed the appellant will pay the amount directed to be paid by the judgment or order or the part of such amount as to which the judgment or order is affirmed, etc.

From this statute it is clear that the judgment in this action was not stayed, no stay or supersedeas bond having been filed, and that in California execution could issue on such judgment, and that any other proceeding upon the judgment might be taken there to effectuate the purposes of the judgment. If we are correct in this conclusion, and in order to give full faith and credit to the laws of California and the proceedings of their court, any proceedings could be taken upon that judgment in this state which might be taken upon it in the state of California. We are convinced it would be correct to hold that the judgment of the California court in the condition of this judgment is a proper basis for an action in this state: that it was proper for the trial court in this state to receive as evidence the judgment roll in the original action though that action is still pending in the supreme court of California; the judgment roll, as we view the matter under the law and decisions of California, was competent evidence to prove the existence of the judgment and its contents, and for the purpose of permitting a judgment to be entered in our court in an action, the basis of which is the judgment of the court of California, and after the judgment in the proper court in this state, the same proceedings may be had thereon as might be had upon the judgment in the state of California; in other words, give it the same faith and credit as the judgment would receive in that state.

This would seem to be the correct rule and the one to be followed unless there is a conflict in some respect with public policy, or unless there is a constitutional objection or a direct prohibition by the statutory

law of this state, and we find no such objection presented in this case.

The judgment of the district court of Burleigh county provided that no execution issue on the judgment until the judgment sued on was affirmed by the supreme court of the state of California. This properly held in abeyance all further proceedings after the entry of the judgment here until an affirmance of the judgment by the supreme court of California. This affords the defendant ample protection until the determination of the appeal by that court. We are of the opinion, however, that the trial court in this state should also have provided that if the supreme court of California reversed the judgment, then and in that event the plaintiff should satisfy the judgment which was given by the district court of Burleigh county. The judgment appealed from is modified to that extent. In all other respects the judgment appealed from is affirmed; the respondent is entitled to the statutory costs on appeal.

BRONSON, J. I dissent.

BIRDZELL, J. I concur on the ground that the judgment constitutes a cause of action in this state.

CHRISTIANSON, Ch. J. (concurring). I concur in an affirmance of the judgment, with the modification thereof directed in the opinion prepared by Mr. Justice Grace. As stated in that opinion, the specifications of error on this appeal relate to, and in reality present only, the one question,—May a judgment rendered in the superior court of California be sued upon in this state while an appeal from such judgment is pending in the supreme court of California, where there has been no compliance with the California statutes providing for a stay of proceedings on appeal upon the filing of a supersedeas bond?

There is no controversy as to the facts in this case. The defendant in his answer expressly admitted that judgment was rendered against him as alleged in the complaint, and that he had not paid the judgment. This admission, of course, relieved the plaintiff of the burden of establishing, and of the necessity of offering any evidence tending to establish, these facts. 1 Enc. Ev. 398. Upon the trial it was stipulated as a fact that the defendant had not filed a supersedeas bond as pre-

scribed by § 942, California Code of Civil Procedure. Hence, we have a situation where an action is brought in this state upon a California judgment in all respects final and enforceable in that state, subject alone to the contingency that it may be reversed on appeal. It is a general rule, supported by the great weight of authority, that "the pendency of an appeal does not prevent an action on a foreign judgment, if the appeal does not operate as a supersedeas or stay of proceedings in the jurisdiction wherein it was rendered, or if there has not been a compliance with the requisite conditions to obtain a supersedeas." 15 R. C. L. p. 942, § 419. See also 23 Cyc. 1504, 1563.

Appellant does not deny the existence or correctness of this general rule, but contends that it is inapplicable to a California judgment. As I read the California statutes and decisions, the appeal taken by the defendant from the judgment involved in this case did not operate as a stay of proceedings on the judgment in California. I therefore agree with Mr. Justice Grace that, inasmuch as the defendant in this case failed to comply with the California statutes requisite to obtain a supersedeas, the plaintiff might bring suit in this state upon the California judgment, even though an appeal has been taken therefrom to, and is pending in, the supreme court of that state. The same conclusion was reached by the supreme court of Oregon in Spencer v. Barnes, 65 Or. 231, 132 Pac. 707, Ann. Cas. 1915A, 1287.