The original bill alleges that the complainant entrusted to the defendant, his daughter, for safekeeping, bonds and securities of the value of $63,000; that she refused to return them; that from the sale of the securities she has invested approximately $40,000 in bonds, stocks and certificates of indebtedness, which are now in the possession of the Hudson Trust Company of Hoboken. The prayer is that she account, that the trust company make discovery, and that both be enjoined pendente lite from transferring the securities, and for other relief. The daughter, a resident of California, answers, setting up that the securities were a gift from her father. The trust company's answer admits a deposit of $40,000 cash by the daughter; that all but $155.15 has been invested, and that it has the securities in trust for her. By supplemental bill it is alleged that, in a suit in the superior court of the State of California brought by the complainant against his daughter, judgment was entered that he owns the securities held by the Hudson Trust Company. The record of the judgment annexed to the bill and made a part thereof, also shows the recovery of a personal judgment against the daughter for $22,021.19. The prayer is that the same relief be granted as would have been had the supplemental matter been originally pleaded, and that the daughter and the trust company turn over the securities. The daughter answers, denying the finality of the California judgment, that the matter is not res adjudicata;
that the issues involved were different from those here presented; that the judgment does not deal with the same subject-matter here presented; that it was between different parties, and that it is not binding on the trust company which was not a party; that it was not obtained on personal service, and that it was obtained by fraud (not specified) and that the judgment is to be appealed.
The judgment roll of the superior court, duly exemplified, is conclusive proof in refutation of the supposed defenses. *Page 39 
The subject-matter is the same; the father and daughter are the principal litigants, though in the California suit a bank was joined because, like the trust company here, it was a depository of some of the funds. But the materiality of the identity of the parties and of the subject-matter is not apparent. The supplemental bill is one purely to recover on the foreign judgment, and must stand or fall by the record of that judgment. Whether the daughter was personally served with process in California is also immaterial, because she appeared in the action and contested it. The California judgment specifically directs the delivery to the complainant of the securities in the trust company, viz.: the property sought by the present bill, and awards a money judgment which the bill also seeks under the prayer for an accounting. However, all the defenses were abandoned at the hearing except one, that the judgment is to be appealed. It was agreed by counsel that an appeal has been filed. Assuming that the answer now is that an appeal has been taken, it is no bar to an action upon the judgment that the judgment has been removed by writ of error to a superior court. Suydam v.Hoyt's Adm'rs, 25 N.J. Law 230; Rogers v. Hatch, 8 Nev. 35;Union Trust Co., c., v. Rochester and P.R. Co.,29 Fed. Rep. 609. It is not alleged that the appeal has been perfected to the point that the judgment has been suspended by the appeal, and it was admitted on the argument that no steps have been taken to that end. The requirements in California to obtain asupersedeas on appeal of so much of the judgment as orders the surrender of the securities, are: "If the judgment or order appealed from directs the assignment or delivery of documents or personal property the execution of the judgment cannot be stayed by appeal unless the things required to be assigned and delivered be placed in the custody of such officer or receiver as the court may appoint or an undertaking be entered into on the part of the appellant with at least two sureties and in such amount as the court or a judge thereof may direct, to the effect that the appellant will obey the order of the appellate court upon the appeal." Code Civ. Pro. § 943. The code provisions for the suspension, *Page 40 
on appeal, of a money judgment call for a bond to secure the judgment, and are set out in Ebner v. Steffanson, 42 N.D. 229;172 N.W. Rep. 857; 5 A.L.R. 1261. The pendency of an appeal from a judgment of another state is no bar to an action on such judgment, unless it appears that the appeal suspended the judgment in the state where it was rendered. Taylor v. Shew,39 Cal. 536; 2 Am. St. Rep. 478; Dow, Adm'r, v. Blake, 148 Ill. 76; 35 N.E. Rep. 761; Faber v. Hovey, 117 Mass. 107; Clark v.Child, 136 Mass. 344, and the suspension of the judgment by appeal must be pleaded by alleging the facts that effect thesupersedeas. Woodbridge Turner Engineering Co. v. Ritter,70 Fed. Rep. 677. There is nothing before us showing that the judgment is not now in full force and effect, and, under the full faith and credit provision of the federal constitution, it must be held as binding and controlling.
It will be incorporated in the decree that if, within thirty days after the service of a copy hereof, it is made to appear that the foreign judgment has been suspended by a perfected appeal, execution of the decree will be stayed, and if the judgment be reversed the decree will be set aside. Otherwise it will be executed.
The complainant may have a decree.