[Civ. No. 40411. Second Dist., Div. Four. Oct. 4, 1972.]

CRAIG STEVENS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
P. B. LITTLE, Real Party in Interest.

## COUNSEL

Dewar & Davis and Robert M. Hall for Petitioner.

No appearance for Respondent.

Richards, Watson & Dreyfuss and Robert L. Hitchcock for Real Party in Interest.

## OPINION

**FILES, P. J.**—This proceeding has been brought in this court to compel the superior court to stay the enforcement of a money judgment upon the giving of adequate security by the judgment debtor. The parties will be referred to hereinafter as they appeared in the superior court.

Plaintiff's assignor obtained a money judgment against defendant in Oklahoma in 1969. Defendant (petitioner here) appealed from that judgment, and that appeal is still pending and undecided in the Supreme Court of Oklahoma.

Following entry of judgment in the trial court in Oklahoma, plaintiff, as assignee (real party in interest here), brought an action in the Superior Court of Los Angeles County on the Oklahoma judgment. A judgment in favor of plaintiff resulted, which was affirmed on appeal by division three of this court on January 26, 1972. (*Little* v. *Stevens* (1972) 23 Cal.App.3d 112 [99 Cal.Rptr. 885].) While the California appeal was pending, defendant filed an undertaking of a corporate surety to stay enforcement of the judgment pursuant to Code of Civil Procedure, section 917.1. Following affirmance of the California judgment, plaintiff demanded payment. Defendant moved the superior court for a further stay of execution pending a decision by the Supreme Court of Oklahoma on the underlying judgment, which motion was denied by the superior court in an order of May 4, 1972.

Defendant has given, and is willing to keep in effect, adequate security for payment of the judgment when and if the underlying Oklahoma judgment becomes final in that state. Everything in the law appears to indicate that, as a matter of policy, a judgment debtor may stay execution by giving adequate security pending appellate review. The problem is to find the procedure whereby that policy may be made effective for this party.

An Oklahoma statute, similar to California Code of Civil Procedure, section 917.1, provides that enforcement of a money judgment is stayed pending appeal when an undertaking by an authorized corporate surety is given for the whole amount of the judgment including interest and costs. (12 Okla. Stat. 1971, § 968.) Since defendant did not have assets subject to levy in Oklahoma, he did not file an undertaking there.

The Uniform Foreign Money-Judgments Recognition Act, which California adopted in 1967 (Code Civ. Proc., § 1713 et seq.), contains this provision: "If the defendant satisfies the court either that an appeal is pending or that he is entitled and intends to appeal from the foreign judgment, the court may stay the [California] proceedings until the appeal has been determined or until the expiration of a period of time sufficient to enable the defendant to prosecute the appeal." (Code Civ. Proc., § 1713.6.)

Prior to the California judgment defendant did not ask for a stay of proceedings. It has never been decided in California whether section 1713.6 authorizes a pre-judgment stay, and we do not decide it here.

Defendant's contention in the California trial court was that the suit on the Oklahoma judgment was premature. This was the issue which was decided against him in the superior court and in the Court of Appeal. In affirming the California judgment, the Court of Appeal said: "In holding that the action before us to enforce the Oklahoma money judgment lies, we intimate no opinion on whether the execution of the California judgment under review should be stayed until the appeal from the Oklahoma judgment has been determined." (*Little* v. *Stevens, supra,* 23 Cal.App.3d at p. 114.)

The case law of other jurisdictions reflects the use of a post-judgment stay of execution in a situation such as this. (See *Heckling* v. *Allen* (C.C. Colo. 1882) 15 F. 196; *Ebner* v. *Steffanson* (1919) 42 N.D. 229 [172 N.W. 857, 5 A.L.R. 1261]; *Piedmont & Arlington Life Ins. Co.* v. *Ray* (1881) 75 Va. 821; *Cushman* v. *Douville* (1934) 21 Pa. D. & C. 243; *Scott* v. *Pilkington* (Q.B. 1862) 2 Best & S. 11 [121 Eng. Reprint 978].)

*Ebner* v. *Steffanson, supra,* was an action in North Dakota upon a Cali-

fornia judgment from which an appeal had been taken to the California Supreme Court. Since no supersedeas bond had been given in California, the judgment was enforceable there and was entitled to full faith and credit in other states. The plaintiff obtained a judgment in North Dakota with the proviso that no execution issue until the California judgment was affirmed on appeal. The North Dakota Supreme Court held that this was proper as far as it went, but modified the North Dakota judgment to provide further that if the California Supreme Court reversed, "plaintiff should satisfy" the North Dakota judgment.

Restatement Second of Conflict of Laws states in Comment *e* to section 107: "If, by the local law of the state of rendition, the appeal does not vacate the judgment, action will lie on the judgment in another state. Usually, however, the courts of the state in which enforcement of the judgment is sought will either stay their judgment, or stay execution thereof, pending the determination of the appeal (see § 112, Comment *b*)."

Section 112, Comment *b*, is to the same effect.

We think Code of Civil Procedure section 1713.6 (quoted *supra*) must be construed as authorizing a post-judgment stay of execution. The California policy, as reflected in Code of Civil Procedure section 917.1, is to permit a judgment debtor to stay enforcement of the judgment pending appellate review if he provides an undertaking to secure payment in the event of affirmance. This policy, by analogy, should govern post-judgment stays requested under section 1713.6. Thus, where the judgment debtor will provide adequate security for the payment of the judgment, and no prejudice to the creditors appears, it is an abuse of discretion for the superior court to refuse a stay.

Let a writ of mandate issue commanding the respondent superior court to set aside its order of May 4, 1972, denying a stay of execution, and make a new order staying enforcement of the judgment by execution or proceedings on the appeal bond or otherwise until the Oklahoma judgment becomes final, subject to the requirement that the defendant (petitioner here) provides and continues to provide adequate security for payment of the judgment, including interest and costs.

Kingsley, J., and Dunn, J., concurred.